**Blaien FRIERMOOD, Appellant,**

v.

**Debbie B. FRIERMOOD, Appellee.**

**No. 14–99–00328–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 20, 2000.

Ray Epps, Lance Nguyen, Houston, for appellants.

Gerald K. Payte, Houston, for appellee.

Panel consists of Chief Justice MURPHY and Justices WITTIG and FROST.

## OPINION

DON WITTIG, Justice.

Appellant, Blaien Friermood, appeals the trial court's modification of a child support order. Blaien moved to have monthly payments of $1,300.00 to his former wife, Debbie Friermood, lowered to $351.50 because of a material and substantial change in his net resources. The court lowered his payments to $662.80. Blaien brings two issues: (1) the trial court abused its discretion in not lowering the payments to his requested amount, and (2) the trial court erred in failing to make written findings. We affirm.

### Facts

On August 6, 1998, Blaien filed an amended motion to modify his child support obligations from a final decree of divorce signed just three months earlier, on May 7, 1998.[1] In that decree, Blaien was ordered to pay $300.00 per week (approximately $1,300.00 per month) support to his two daughters. The amount of the support order was based on a mediated agreement from February 1997. Claiming his net monthly resources were $1,385.00, Blaien requested his support payments be reduced to 25% of that amount ($351.50) for both children.

At trial, Blaien testified he had been a self-employed fishing guide for many years and that he was currently living rent-free at his parents' house. Blaien acknowledged that his income at the time of the modification hearing had not changed much from the time of the 1997 agreement or the entry of the 1998 divorce decree. Blaien's 1997 federal income tax return showed gross receipts to him, as a sole proprietor, of $52,338.00 ($4,361.50 per month average). For 1998, he provided a "profit-loss accounting" for January through July 15, 1998 showing gross receipts to date of trial was $33,175.00. He asserted that, after business deductions, his gross personal income was approximately $1,800.00 per month gross for 1997 and $1,900.00 per month gross for year-to-date 1998. After making deductions per the Self–Employed Persons Tax Chart, Blaien claimed his current net monthly resources were $1,385.00.

The evidence also showed that Blaien misreported the amount of tips on his federal tax return and, despite his low net resources, he claimed charitable deductions of $5,000.00 for 1997. In response to interrogatories, Blaien had claimed his 1997 income was "a negative" for fishing and "$12,000 overall." Finally, Blaien ad-

1. The record and briefs present a confusing procedural history. A different decree dated May 23, 1997 was entered but, according to appellee's brief, was set aside in response to an equitable bill of review filed by Blaien. For purposes of this appeal, we consider only the later, valid judgment. *See* TEX. FAM.CODE ANN. 156.401(a)(1).

mitted that he did not try to locate other work when he had no fishing trips scheduled.

The court ordered that Blaien's support obligations be reduced to $662.80 for both children, which was approximately half of his obligations set out in the three-month-old decree.

## Discussion

Blaien essentially complains that the court was required to accept his evidence of net monthly resources of $1,385.00 as true and that it was required to modify his support obligations to 25% of that amount, or $351.50 monthly. Additionally, Blaien argues the court erred by failing to make mandatory findings stating why it varied from child support guidelines.

■ A trial court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). The Texas Family Code allows a court to modify a child support order if the movant showed that his circumstances have "materially and substantially changed since the date of the order's rendition." TEX. FAM. CODE ANN. § 156.401(a)(1). A child support order not in compliance with guidelines does not in and of itself establish material and substantial change in circumstances warranting modification. *See Lindsey v. Lindsey,* 965 S.W.2d 589, 594 (Tex.App.-El Paso 1998, no pet.). The Family Code provides that a trial court "*may* consider the child support guidelines . . . to determine whether there has been a material or substantial change of circumstances . . . that warrants a modification of an existing child support order. . . ." TEX. FAM.CODE ANN. § 156.402(a) (emphasis added). Thus, in modification of existing child support orders, the trial court's use of percentage guidelines under child support statutes is discretionary, not mandatory. *See Escue v. Escue,* 810 S.W.2d 845, 848 (Tex.App.-Texarkana 1991, no writ). Additionally, "[a] court may consider other relevant evidence in addition to the factors listed in the guidelines." TEX. FAM.CODE ANN. 156.402(b). In sum, the court retains broad discretion in making the equitable decision of whether to modify a prior support order. *See Hoffman v. Hoffman,* 805 S.W.2d 848, 851 (Tex.App.-Corpus Christi 1991, writ denied).

■ Blaien's claim fails for at least three reasons. First, Blaien's claim hinges in large part upon the mistaken assumption that the court, in a modification proceeding, may only order child support obligations in strict conformity to the child support guidelines. As stated, the court's adherence to the guidelines is only discretionary. *See* TEX. FAM.CODE ANN 156.402(a); *Escue,* 810 S.W.2d at 848.

Second, the court was not required to accept all of Blaien's evidence of his income and net resources as true. *See Glassman & Glassman v. Somoza,* 694 S.W.2d 174, 176 (Tex.App.-Houston [14th Dist.] 1985, no writ) (trial court, as fact finder, may decline to accept as true the testimony of an interested witness, even if uncontradicted). The evidence showed Blaien personally took in over $50,000 yearly in receipts. Most evidence at trial pertaining to his deductions from this amount was provided through Blaien without verifiable supporting documentation. There was also direct evidence that some of the documentation Blaien provided of his income and expenses was not reliable. For example, he admitted that he did not accurately report his tip income to the IRS. Other evidence was inconsistent or difficult to reconcile, such as where Blaien's interrogatory answers about his 1997 income did not comport with the evidence he offered at trial. Additionally, despite Blaien's claim of meager resources to support his children, he took credit for a $5,000.00 charitable deduction in 1997. This alone represents $416.66 monthly in before-tax resources. The court would have been entitled to find the significant amounts claimed for charitable donations

were not legitimate deductions from his resources and should have been applied to child support payments.

Third, Blaine admitted that he did not try to supplement his income while he had no fishing trips scheduled. He also admitted that his income suffered for years because of bad weather, which apparently kept him from working, yet he did not try to supplement his income through other work. This provided some evidence that Blaien was intentionally underemployed. The court is entitled to weigh the earning potential of the parent if he or she is voluntarily underemployed. *See LeBlanc v. LeBlanc*, 761 S.W.2d 450, 454 (Tex. App.—Corpus Christi 1988, writ denied).

After considering the evidence, the court exercised its equitable and discretionary powers in reducing Blaien's child support obligations by nearly half. In light of the law pertaining to modification and the trial evidence discussed above, we hold the court acted well within its discretion in not reducing support payments to Blaien's two daughters any further than it did. We therefore overrule Blaien's first issue.

■ Blaien also argues that the trial court was required to make findings under section 154.130(a)(3) of the Family Code because its support order varied from child support guidelines. We disagree. The evidence of Blaien's income, expenses, and net resources was not well-supported or without contradiction. Thus, the evidence of Blaien's net resources was not so conclusively established that he showed the court materially varied from support guidelines. However, even if the court had been required to make findings,[2] the trial court was within its discretionary bounds, and under the facts delineated, we hold any error in failing to do so was harmless. *See* TEX.R.APP. P. 44.1(a). Blaien's second issue is overruled.

The judgment of the trial court is affirmed.

---

2. *See Morris v. Morris*, 757 S.W.2d 466, 467 (Tex.App.-Houston [14 th Dist.] 1988, writ denied) (where child support order varied from guidelines, court erred in failing to make

mandatory findings). However, we note that the court in *Morris* failed to perform a required harm analysis. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex.1996).