NUMBER 13-00-539-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


LEONEL FERNANDO CUEVAS , Appellant,


v.


MARISELA CUEVAS , Appellee.

__________________________________________________________________
On appeal from the 206th District Court

of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Dorsey


Leonel Cuevas appeals the Hidalgo County District Court's order denying his motion to modify a child support order
previously entered by that court. We affirm.

Cuevas was divorced from Marisela Chavez by decree dated June 29, 1999. That decree required Cuevas to pay child
support for the two minor children of the marriage. Roughly five months after entry of the divorce decree, Cuevas moved
the court to reduce his child support obligations contained in the decree because, he contended, the circumstances of the
children or a person affected by the order had materially and substantially changed since the rendition of the order.

The trial court held an evidentiary hearing on his motion in May of 2000. At the conclusion of that hearing, the trial court
entered an order denying Cuevas' motion to modify the child support obligation contained in the divorce decree. Cuevas
appeals this order, contending the trial court abused its discretion in refusing to modify the decree. We find no abuse of
discretion.

The trial court is given broad discretion in setting and modifying child support payments and, absent clear abuse of
discretion in its finding regarding whether there has been a material change of circumstances, the trial court's order will not
be disturbed on appeal. See Hoffman v. Hoffman, 805 S.W.2d 848, 851 (Tex. App.--Corpus Christi 1991, writ denied). 
The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; i.e.,
whether the act was arbitrary or unreasonable. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990); E.C., Jr. ex rel.
Gonzales v. Graydon, 28 S.W.3d 825, 829 (Tex. App.--Corpus Christi 2000, no pet.). In determining whether modification
is appropriate, the trial court should compare the circumstances of the child and the parents at the time the prior decree was
rendered with the circumstances existing at the time modification is sought. MacCallum v. MacCallum, 801 S.W.2d 579,
583 (Tex. App.--Corpus Christi 1990, writ denied).

Texas Family Code section 156.401 sets forth the grounds for modification of a child support order. SeeTex. Fam. Code
Ann. § 156.401 (Vernon Supp. 2001). It states that a court may modify an order that provides for the support of a child if:

(1) the circumstances of the child or a person affected by the order have materially and substantially changed since the date
of the order's rendition; or



(2) it has been three years since the order was rendered or last modified and the monthly amount of the child support ward
under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child
support guidelines.



Id.

Section 156.402 states that "[t]he court may consider the child support guidelines for single and multiple families . . . to
determine whether there has been a material or substantial change of circumstances . . . that warrants a modification of an
existing child support order if the modification is in the best interest of the child." Tex. Fam. Code Ann. § 156.402
(Vernon Supp. 2001) (emphasis added). That section also states that "[i]f the amount of support contained in the order
does not substantially conform with the guidelines for single and multiple families under Chapter 154, the court may
modify the order to substantially conform with the guidelines if the modification is in the best interest of the child." Id. at §
156.402(b) (emphasis added). Moreover, "[a] court may consider other relevant evidence in addition to the factors listed in
the guidelines." Id. Thus, the trial court has discretion over whether to use the child support guidelines in deciding
whether to modify a prior order. Id.; see also Friermood v. Friermood, 25 S.W.3d 758, 760 (Tex. App.--Houston [14th
Dist.] 2000, no pet.). However, courts have noted that "[a] child support order not in compliance with guidelines does not
in and of itself establish [a] material and substantial change in circumstances warranting modification." Friermood, 25
S.W.3d at 760; cf. Lindsey v. Lindsey, 965 S.W.2d 589, 594 (Tex. App.--El Paso 1998, no pet.). 

Appellant argues that the trial court abused its discretion by failing to apply the guidelines in determining whether to
modify his child support obligations. Specifically, he argues that the prior order was entered pursuant to an agreement he
made with his ex-wife regarding the amount of child support to be paid. He contends that he was mistaken in some of his
assumptions when he entered into that agreement, and that the agreement should be voided and his child support obligation
should be calculated anew pursuant to the guidelines. However, the law does not provide the remedy appellant seeks.

We cannot say the trial court abused its discretion. The trial court was entitled to consider the guidelines in determining
whether there had been a change of circumstances warranting modification, but was not obligated to consider the
guidelines. See Tex. Fam. Code Ann. § 156.402(a) (Vernon Supp. 2001). Likewise, while the court was entitled to modify
the order to make it substantially comply with the guidelines, it was not obligated to modify the order to make it conform. 
Id. § 156.401(a)(2). Finally, section 156.401(a)(2) provides part of the relief appellant seeks, but requires that three years
have elapsed since the entry of the original order. See id. Under that section, if the original order differs from the amount
that would be ordered under the guidelines, that difference itself constitutes grounds for modification, regardless of whether
any circumstances have changed. See id. at § 156.402(b). However, even under that section, modification is still at the
discretion of the trial court and is not mandatory. Id.

Accordingly, since the trial court's actions were in conformance with the applicable statutes, we hold it did not abuse its
discretion in refusing to modify appellant's child support obligations. We affirm its order refusing to modify.



 

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 12th day of July, 2001.