Opinion issued December 31, 2009



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00642-CV

NO. 01-08-00897-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PHILLIPE J. BREJON, Appellant

 

V.

LIA JOHNSON, Appellee

 

 



On Appeal from the 310th District Court

Harris County, Texas

Trial Court Cause No. 2006-45820

 

 



O
P I N I O N

          In two appeals, appellant
Phillipe J. Brejon appeals the trial court’s orders modifying his child-support
obligation (No. 01‑08‑00642‑CV) and awarding attorney’s
fees to appellee Lia Johnson (No. 01‑08‑00897‑CV).  With respect to the modification of child support,
Brejon argues that the trial court abused its discretion by increasing his
financial obligation because neither legally nor factually sufficient evidence
supports a finding of a material or substantial change in the parties’
circumstances.  As to the attorney’s-fees
order, Brejon contends that the trial court lacked jurisdiction to enter that
order because its plenary power had expired.

          We conclude that the evidence was
legally and factually sufficient to support the trial court’s order increasing
Brejon’s child-support obligations, and we thus affirm the order of the trial
court in cause number 01-08-00642-CV.  We
further conclude that the trial court had authority under Family Code
section 157.001(a) to enforce its prior order granting attorney’s fees,
but the court lacked authority to grant additional attorney’s fees pursuant to
Johnson’s untimely request for temporary orders pending appeal under Family
Code section 109.001(a).  We thus modify
the order of the trial court in cause number 01-08-00897-CV and, as modified,
affirm.

Background

          Brejon and Johnson divorced on April
3, 2007.  They have one child, R.B., and
they share custody in accordance with an Agreed Final Decree of Divorce.  In January 2008, Johnson filed a petition to
modify the parent-child relationship, and she amended her petition in April
2008.  Johnson sought an increase in
child-support payments from $1,200 per month to $1,500 per month, in accordance
with statutory guidelines.  Johnson
argued that the circumstances of a party to the original order had materially
and substantially changed and that the child-support payments previously
ordered did not substantially comply with the guidelines in the Texas Family
Code, which the Texas legislature had recently changed.  See
Act of May 22, 2007, 80th Leg., R.S., ch. 620 §§ 2–9, 2007 Tex. Gen. Laws 1188, 1188–90 (now Tex. Fam. Code Ann. § 154.125(a)
(Vernon 2008)).  

At
trial, Johnson testified that Brejon did not consistently exercise his periods
of possession of R.B.  Johnson also
testified that she had been promoted at work and that her promotion included
increased responsibilities and longer working hours.  Johnson said that these two circumstances
required her to hire babysitters or pay to fly her mother to Houston to care
for R.B. while Johnson worked.  Johnson
also testified to the high price of gas, generally increased costs of living,
and medical expenses she had incurred. 
Finally, she testified that she knew that Brejon’s child-support
obligation was less than that required by the Family Code child-support
guidelines.

          Brejon contended that child-care
expenses were Johnson’s responsibility regardless of whether they arose during
his periods of possession because “she wanted to have custody.”  He testified that he had no regular
babysitters who cared for R.B. during his periods of possession.  He testified that increases in the cost of
living affected him as well.  However, he
noted that his annual salary remained at approximately $160,000.  He argued that Johnson had not proved a change
in circumstances, because he had been inconsistent in exercising his right to possession
of R.B. even before the divorce decree was finalized.  Brejon contended that a change in the Family
Code guidelines alone was insufficient to warrant a modification of child
support.

After
a bench trial, the trial court granted Johnson’s petition to modify and
increased Brejon’s monthly child-support obligation to $1,500.  On July 15, 2008, the trial court signed its
order to that effect.  The order also
required Brejon to pay Johnson’s attorney’s fees in the amount of $7,830 plus
post-judgment interest.  The order
further stated that all relief requested in the case and not expressly granted
was denied.  A week later, on July 21,
Brejon filed his notice of appeal.  The trial
court later filed findings of fact and conclusions of law, in which the court
concluded that there had been “a material and substantial change since the
rendition of the Court’s last order.” 
The trial court found “that evidence existed of late paid educational
and medical sums, of changes in Lia Johnson’s job duties and requirements, of
unused visitation by Philippe Brejon that required Lia Johnson to spend extra,
unforeseen sums on babysitters and of the increased cost of living.”

On
October 13, 2008, the trial court entered another order requiring Brejon to pay
the previously ordered attorney’s fees plus interest.  The October 13 order also awarded Johnson
additional attorney’s fees incurred to enforce the July 15 order and to defend
Brejon’s appeal.  Brejon filed a second
notice of appeal, challenging the trial court’s authority to enter the October
13 order.

Motion to Modify Child Support

Standard of Review

          In general, a trial court’s ruling on
child support will not be reversed on appeal unless there is a clear abuse of
discretion.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); McLane v. McLane, 263 S.W.3d 358, 362
(Tex. App.—Houston [1st Dist.] 2008, pet. denied).  The test is whether the trial court acted
arbitrarily, unreasonably, or without reference to guiding rules or principles.
McLane, 263 S.W.3d at 362.  The reviewing court must review the evidence
in the light most favorable to the trial court’s actions and indulge every
legal presumption in favor of the order.  Id.  There is no abuse of discretion if some
probative and substantive evidence supports the order.  Id.

          Brejon contends that the evidence is
both legally and factually insufficient to show a material and substantial
change in circumstances.  However, under
an abuse of discretion standard, legal and factual insufficiency are not
independent, reversible grounds of error; rather, they are relevant factors in
assessing whether the trial court abused its discretion.  Patterson
v. Brist, 236 S.W.3d 238, 240 (Tex. App.—Houston [1st Dist.] 2006, pet.
dism’d).

In
an appeal of a judgment rendered after a bench trial, the trial court’s
findings of fact have the same weight as a jury’s verdict.  In re
K.R.P., 80 S.W.3d 669, 673 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).
 When challenged, however, a trial court’s
findings of fact are not determinative unless they are supported by the record.
 Id.
 We review the sufficiency of the
evidence supporting the challenged findings to determine whether the trial
court abused its discretion in making such findings.  Id.

Our
review of a legal sufficiency issue requires us to consider only the evidence
and inferences that tend to support the finding, disregarding all evidence and
inferences to the contrary.  Vannerson v. Vannerson, 857 S.W.2d 659,
666 (Tex. App.—Houston [1st Dist.] 1993, writ denied).  If there is any evidence of probative force to
support the finding, i.e., more than a mere scintilla, we will overrule the
issue.  Id.  In reviewing a factual sufficiency
issue we must consider, weigh, and examine all of the evidence that supports
and contradicts the finding. Id.  We will set aside the finding only if the
evidence standing alone is too weak to support it or if it is so against the
overwhelming weight of the evidence that it is manifestly unjust and clearly
wrong.  Id. 

Statutory Grounds for Modification

          The Family Code provides that a court
may modify a child-support order if: (1) the movant shows that the
circumstances of the child or a person affected by the order have materially
and substantially changed or (2) it has been three years since the order was
rendered or last modified and the monthly child support obligation differs from
the amount that would be awarded under the statutory child-support guidelines
by 20 percent or $100.  Tex. Fam. Code Ann. § 156.401(a),
(a-1) (Vernon 2008).  Paramount to the
trial court’s determination of child support is the best interest of the
child.  McLane, 263 S.W.3d at 362 (citing Lenz v. Lenz, 79 S.W.3d 10, 14 (Tex. 2002)).  “In determining whether a modification in child-support
payments is appropriate, the trial court should examine the circumstances of
the child and parents at the time the prior decree was rendered, in relation to
the circumstances existing at the time modification of the prior order is
sought.”  Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st
Dist.] 1993, writ denied).  

          Family Code section 156.402(a) states
that the trial court “may consider the child support guidelines . . . to
determine whether there has been a material or substantial change of
circumstances . . . that warrants a modification of an existing child support
order . . . .”  Tex. Fam. Code Ann. § 156.402(a)
(Vernon 2008).  In addition, “if the
amount of support contained in the order does not substantially conform with
the guidelines . . . the court may modify the order to substantially conform
with the guidelines . . . .”  Id. § 156.402(b).  A court may also consider other relevant
evidence in ruling on a motion to modify child support.  Id.  Thus, a court’s consideration of the
child-support guidelines in a modification proceeding is discretionary, not
mandatory.  See, e.g., Friermood v. Friermood, 25 S.W.3d 758,
760 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  Accordingly, a child-support order that does not
comply with statutory guidelines does not in and of itself establish a material
and substantial change in circumstances requiring modification.  See id.

Material and Substantial Change

Because
three years have not yet passed since the original order was rendered, Johnson
had the burden to prove a material and substantial change in the circumstances
of the child or a person affected by the order. 
Tex. Fam. Code Ann.
§ 156.401(a)(1) (Vernon 2008).  Brejon
argues that she did not do so.

Johnson
argues that a change in the Family Code was itself a material and substantial
change in circumstances sufficient to warrant a modification of the
child-support order.  Specifically, the
legislature increased the amount of net resources to be considered in
calculating a parent’s child-support obligation.  In her brief, Johnson explains that earlier
amendments to the Family Code included enabling language that specified that the
change in the law was not a change of circumstance sufficient to warrant a
child-support modification.  See Act of June 1, 2003, 78th Leg.,
R.S., ch. 1262, § 5(c), 2003 Tex. Gen.
Laws 3572, 3573 (“The enactment of the amendments made by this Act does
not affect the validity or obligations, terms, and conditions of an order in a
suit affecting the parent-child relationship made before the effective date of
this Act, and this Act does not constitute a change of circumstances under
Section 14.08, Family Code.”); Act of May 29, 1993, 73rd Leg., R.S., ch. 766, §
11(e), 1993 Tex. Gen. Laws 2989,
2999 (“The change in law made by this Act does not by itself constitute a
material and substantial change of circumstances under Section 156.401, Family
Code, sufficient to warrant modification of a court order or a portion of a
decree that provides for the support of a child rendered before the effective
date of this Act.”).  However, the most
recent amendment, which increased the amount of the child-support obligor’s resources
that are subject to the guidelines, did not include enabling language stating
that the statutory change was not a change of circumstances for the purpose of
child-support modification.  See Act of May 22, 2007, 80th Leg.,
R.S., ch. 620 § 2, 2007 Tex. Gen. Laws
1188, 1189.  We decline Johnson’s
invitation to consider this argument, however, because we conclude that she
presented other evidence that supports the trial court’s finding of a material
and substantial change.

The
trial court found a material and substantial change in circumstances in “late
paid educational and medical sums, changes in Lia Johnson’s job duties and
requirements, of unused visitation by Philippe Brejon that required Lia Johnson
to spend extra, unforeseen sums on babysitters and of the increased cost of
living.” Johnson testified that an increase in child support was in R.B.’s best
interest.  She testified, “I’ve had
substantial increase in costs since our settlement due to issues of [Brejon’s]
noncompliance with our decree, as well as inconsistent exercising of the
visitation which have really caused a lot of unexpected child care
expenses.”  Johnson said that she had two
primary issues with inconsistent child care. 
In addition to Brejon’s inconsistent exercise of visitation, she stated,
“I’ve had a significant increase in the responsibilities through my job, which
means I have to have predictability.” 
Johnson also testified that additional child-support money could “help
create a more predictable and consistent child care situation for our
son.”  Johnson introduced a log that
showed when Brejon had missed, canceled, or arrived late for weekday visitation
from before their divorce was final and continuing through the week before
trial.  Johnson also testified to
increased living expenses, generally, saying, “I’m paying more for things than
I was last year, absolutely,” and “I know that a gallon of gas costs me about
$5.00 right now.”  Johnson also testified
that her promotion, which increased her job responsibilities, came with a raise
of approximately $10,000, to approximately $74,000 per year.  

          Brejon testified that he earned an
annual salary of $160,000.  He testified
that increased living costs were affecting him as well, and that R.B.’s health
insurance premiums had increased $60 per month. 
Nevertheless, Brejon said that he believed Johnson should bear the cost
of unexpected child care due to his inconsistent exercise of visitation because
“she wanted to have custody.”  Brejon did
not dispute Johnson’s testimony about her increased job responsibilities,
increased need for child care, his inconsistent exercise of visitation, or the
increased cost of living.

          We conclude that the evidence was both
legally and factually sufficient to support the trial court’s findings of fact
that evidence existed as to “changes in Lia Johnson’s job duties and
requirements, of unused visitation by Philippe Brejon that required Lia Johnson
to spend extra, unforeseen sums on babysitters and of the increased cost of
living.”  Therefore, we hold that there
was probative and substantive evidence to support the trial court’s order for
increased child support.  See McLane, 263 S.W.3d at 362.  We overrule Brejon’s issue regarding the
child-support order, appellate cause number 01-08-00642-CV.

Attorney’s Fees Motions

          In his sole issue in appellate cause
number 01-08-00897-CV, Brejon challenges the trial court’s October 13, 2008
order that he pay certain trial and appellate attorney’s fees incurred by
Johnson.  In the July 15, 2008 order
modifying Brejon’s child-support obligations, the trial court ordered Brejon to
pay both an increased amount of child support and Johnson’s attorney’s fees in
the amount of $7,830, plus post-judgment interest to accrue at the statutory
rate.  At that time, Johnson did not request
and the trial court did not order any contingent attorney’s fees for
appeal.  Brejon filed his notice of
appeal from the July 15 order on July 21, 2008. 


On
August 8, 2008, Brejon had not yet paid the attorney’s fees, and Johnson filed
a motion to enforce the July 15 award of attorney’s fees.  See
Tex. Fam. Code Ann. § 157.001(a)–(d)
(Vernon 2008) (providing authority and procedure for enforcement of final order
in suits affecting the parent-child relationship).  Johnson also filed a second motion on
September 30, 2008—77 days after the trial court had entered the child-support
modification order.  This second motion
requested the entry of temporary orders during the pendency of the appeal.  See
Tex. Fam. Code Ann. § 109.001
(Vernon 2008) (providing authority and procedure for temporary orders “to
preserve and protect the safety and welfare of the child during the pendency of
the appeal”).  In the motion for
temporary orders, which Johnson requested to be heard at the same time as the
August 8 motion to enforce, she again sought to enforce the trial court’s prior
order for payment of $7,830 plus post-judgment interest.  In the written motion filed with the trial
court, Johnson invoked Family Code section 109.001(a)(5) to request $4,654
in additional attorney’s fees which had been incurred responding to Brejon’s
appeal and seeking enforcement of the July 15 judgment.  

A hearing
on the two motions was held on October 13, 2008.  Johnson offered evidence that the total
amount of additional incurred attorney’s fees and expenses, which she was
requesting that the trial court award to her, had increased from $4,654 to
$6,691.90.  After hearing evidence of the
additional incurred attorney’s fees and argument from counsel, the trial court granted
the relief requested by Johnson.  The
trial court ordered Brejon to pay directly to Johnson’s lawyers the sum of $7,926.53,
which represented the July 15 award of attorney’s fees plus post-judgment
interest.  The trial court further
ordered Brejon to pay to Johnson’s lawyers the additional requested amount of
$6,691.90 in incurred attorney’s fees, to be held in trust during the pendency
of the appeal.  The trial court did not
indicate which motion was being granted, or by what authority Brejon was being
ordered to pay the additional fees.

On
appeal, Brejon characterizes the October 13, 2008 order as a modification of
the July 15, 2008 order.  He argues the
later order is void in its entirety, and we should reverse and render judgment
in his favor, because the motion for temporary orders was untimely filed and
the trial court’s plenary power had expired. 


Jurisdiction

First,
we consider our jurisdiction.  We are
authorized by statute to consider an appeal from a “final order” rendered under
Title 5 of the Family Code.  Tex. Fam. Code Ann. § 109.002(b)
(Vernon 2008).  Johnson initiated an
enforcement proceeding as authorized by Family Code chapter 157, and the trial
court’s October 13, 2008 order disposed of all pending parties and claims in
the record with respect to that proceeding. 
Johnson also filed a motion for temporary orders pursuant to Family Code
section 109.001(a), and part of the relief granted by the trial court was
premised solely upon that motion.  We
lack jurisdiction to consider an interlocutory appeal of a temporary order
rendered under section 109.001(a).  Tex. Fam. Code Ann. § 109.001(c)
(Vernon 2008); Marcus v. Smith, No.
01-09-003210-CV, 2009 WL 4854755, at *6 (Tex. App.—Houston [1st Dist.] Dec. 17,
2009, no pet. h.).  However, in light of
our conclusion below that the trial court had no authority to enter a temporary
order pursuant to section 109.001(a), this appeal is not within the scope of
orders carved out of our jurisdictional reach by section 109.001(c).  We thus conclude that the trial court’s October
13 order granting Johnson’s requests for attorney’s fees is a final order
rendered under Title 5 of the Family Code, and accordingly we have
appellate jurisdiction.  Cf. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2000) (“A judgment is final for purposes of appeal if it
disposes of all pending parties and claims in the record, except as necessary
to carry out the decree.”).

Analysis of Trial Court’s Order

Brejon
contends on appeal that the trial court completely lacked authority to enter
its October 13 order compelling him to pay Johnson’s attorney’s fees.  Brejon characterizes the order as a
modification of the July 15 child-support modification order, and he argues
that by October 13 the trial court had lost its plenary power to enter such an
order.  This argument mischaracterizes
the procedural history of the October 13 order. 
Johnson never requested a modification of the July 15 order, nor did the
October 13 order purport to do so.

Instead,
over the course of two separate motions, Johnson made two discrete requests for
relief.  In both the August 8 motion to
enforce and the September 30 motion for temporary orders, Johnson sought
enforcement of the July 15 order’s award of attorney’s fees.  The trial court had express statutory
authority to grant this relief in order to enforce its own prior order.  See Tex. Fam. Code Ann. § 157.001(a)
(Vernon 2008) (“A motion for enforcement as provided in this chapter may be filed
to enforce a final order for conservatorship, child support, possession of or
access to a child, or other provisions of a final order.”).

In
the September 30 motion for temporary orders, Johnson made the additional
request for an award of attorney’s fees incurred in seeking to enforce the July
15 order and in responding to Brejon’s appeal. 
This request was expressly premised on the statute providing for
temporary orders during the pendency of an appeal.  See Tex. Fam. Code Ann. § 109.001(a)(5)
(Vernon 2008) (authorizing temporary orders which “require payment of
reasonable attorney’s fees and expenses” pending appeal).  However, a motion for temporary orders
pending appeal must be filed “[n]ot later than the 30th day after the date an
appeal is perfected,” id.
§ 109.001(a), which Johnson failed to do. 
The trial court thus had no authority under Family Code section 109.001 to
enter temporary orders requiring Brejon to pay additional attorney’s fees.

Accordingly,
the portion of the October 13, 2008 order that refers to the motion for
temporary orders and orders Brejon to pay $6691.90 to Johnson’s attorneys is
void.  However, because the trial court
retains its power to enforce its prior orders, the portion of the October 13 order
requiring Brejon to comply with the trial court’s earlier order, and pay
Johnson’s trial attorney’s fees as ordered therein, is valid.  Therefore, we sustain Brejon’s issue in part
and reform the October 13, 2008 order to eliminate any reference to temporary
orders or attorney’s fees other than those previously awarded in the July 15,
2009 child-support modification order.

Conclusion

 

          We affirm the order of the trial court
in cause number 01-08-00642-CV.  We
modify the order of the trial court in cause number 01-08-00897-CV, and we
affirm as modified.  All pending motions
are denied as moot.

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel consists of
Chief Justice Radack and Justices Bland and Massengale.