**Opinion filed October 28, 2010**

# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00114-CV

_____

## IN THE INTEREST OF S.M., S.M., AND S.M., CHILDREN

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 021733**

## MEMORANDUM OPINION

Chad William Murray appeals from the trial court's order in a suit affecting the parent-child relationship. We reverse and remand in part and affirm in part.

Murray and Karen Chavana are the parents of SM, SM, and SM.[1] Murray and Chavana were divorced in 2004. In the divorce decree, the trial court appointed Murray and Chavana joint managing conservators of the children; Chavana had the right to designate the primary residence of all three children. The trial court ordered Murray to pay child support of $900 per month.

In 2005, the trial court entered an agreed order of modification. By agreement, the trial court appointed Murray as the parent with the right to determine the primary residence of the oldest child. Chavana had the right to determine the primary residence of the other two children. The trial court also ordered that Murray pay Chavana child support of $670.29 per month and that Chavana pay child support to Murray of $205.80 per month; Murray was authorized to offset the amount Chavana owed him and to pay the net to her.

In 2008, the parties were yet again in the trial court. At this time, the oldest child no

---

[1]Because all three children have initials S.M., we will refer to them as S.M.1, S.M.2, and S.M.3. At the time the order was entered, S.M.1 was seventeen years old, S.M.2 was sixteen years old, and S.M.3 was thirteen years old.

longer lived with Murray but, rather, had lived with Chavana since April 2008. The trial court found that to be a material and substantial change in circumstances and modified the amount of child support that Murray would pay to Chavana: $750 per month (23.5% of Murray's net monthly resources of $3,190). This amount deviated from the guidelines set out in TEX. FAM. CODE ANN. §§ 154.121, .128 (Vernon 2008) because the trial court took into account the fact that Murray provided cell phones for two of the children and Murray's visitation expenses.

Shortly after that order was entered, Chavana filed a petition to modify the trial court's orders yet again. She asked the trial court to allow her the right to determine the primary residence of the oldest child, to order an increase in child support, and to allow her to claim the oldest child as a deduction for income tax purposes. Upon Chavana's motion, the trial court in Hill County transferred this case to Jones County.

In Jones County, Murray mostly agreed that the trial court should modify the agreed order entered in 2005 and that the sole issue to be decided by the trial court now was the amount of child support that the trial court would order.

After a hearing on the petition, the trial court found that there was a material and substantial change in circumstances that warranted an increase in child support to $848.45 per month. The trial court also found that the payments were to be made retroactively to July 13, 2008; that Murray was in arrears in the amount of $886.05 to be paid, including interest, at the rate of $50 per month; and that Chavana was entitled to a judgment in that amount. The trial court also awarded her the right to claim the oldest child as a deduction for income tax purposes for 2008.

In his first point of error, Murray asserts that the trial court erred when it modified child support because there was not a material and substantial change in the circumstances of the parties or children. An order regarding child support will not be disturbed on appeal unless the complaining party can demonstrate a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). The test for an abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985), citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939). Stated differently, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. *Lindsey v. Lindsey*, 965 S.W.2d 589, 591-92 (Tex. App.—El Paso 1998, no pet.).

A court may modify a child support order if the movant shows (1) that the circumstances of the parents or the children have materially and substantially changed since the date of the

earlier order's rendition or (2) that three years had passed since the last order for support was entered and the monthly amount of the child support award differs by either 20% or $100 from the amount that would be awarded in accordance with the child support guidelines. TEX. FAM. CODE ANN. § 156.401(a) (Vernon 2008). In determining whether there has been a material and substantial change, the trial court must examine and compare the circumstances of the parents and children at the time of the initial order with the circumstances existing at the time modification is sought. *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas, 2008, no pet.).

In this case, Chavana filed the motion to modify just three weeks after the prior support order was signed. Since three years had not passed since the rendition of the prior orders, she must show evidence of a material and substantial change in the circumstances of the parties or the children. Chavana asserts that the right to designate the oldest child's primary residence had changed since the 2008 order. However, it is clear that the oldest child was already living with her when the 2008 order was entered and that the trial court at the 2008 hearing considered that change when awarding her an increase in child support from $464.49 to $750. Further, Murray stipulated to that in his answer to the petition to modify. He also stipulated that the prior order did not indicate that change. Both parties testified that the oldest child began living with Chavana in April 2008. This was not a change in circumstances from the time of the 2008 order.

Chavana also claims that there was a material and substantial change in Murray's net resources because he did not present evidence of all of his income at the 2008 hearing. Chavana argues that the salary from Murray's temporary job was not offered into evidence in the 2008 hearing. However, Murray did testify at the 2008 hearing that he had a temporary job with Whitney EMS. But neither Chavana nor the attorney general made further inquiries into the income Murray made from that job. The trial court was aware of Murray's temporary job and made a statement regarding Murray's ability to take a second job.

Moreover, the difference in Murray's net resources found at the two hearings was not because of his temporary job with Whitney EMS but, rather, because of a change in salary from the City of Hillsboro. At the hearing on the petition to modify, Murray testified that his income for 2008 from the City of Hillsboro was approximately $51,000. The full yearly income from 2008 was not available at the 2008 hearing; therefore, the court used the yearly income from 2007, which was $49,700. Murray further testified that he worked for Whitney EMS until December 30, 2008, but that, at the time of the hearing, he no longer had a second job. The difference between $51,000 and $49,700 does not show a material and substantial change in the

circumstances of the parties especially when that would not increase child support more than 20% or $100. *See* Section 156.401(a)(2).

Chavana also argues that there was a material and substantial change in the circumstances of the parties because the prior order deviated from the child support guidelines in Sections 154.121 and 154.128. A child support order not in compliance with guidelines does not in and of itself establish a material and substantial change in circumstances warranting modification. *Friermood v. Friermood*, 25 S.W.3d 758, 760 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A trial court may consider the child support guidelines to determine whether there has been a material or substantial change of circumstances that warrants a modification of an existing child support order. TEX. FAM. CODE ANN. § 156.402(a) (Vernon 2008). In modification of existing child support orders, the trial court's use of percentage guidelines under child support statutes is discretionary, not mandatory. *Escue v. Escue*, 810 S.W.2d 845, 848 (Tex. App.—Texarkana 1991, no writ).

In this case, the trial court stated in its 2008 order that the court was deviating slightly from the guidelines because Murray was providing cell phones for two of the children and because of the travel expenses related to visitation. Neither of these circumstances had changed at the time modification was sought. At the hearing on the petition to modify, Murray testified that he was still paying for the cell phones for two of the children and that the parties were meeting in De Leon to pick up and drop off the children. At the 2008 hearing, the trial court considered other factors when it determined the amount of child support to award. Because these factors had not changed since the rendition of the 2008 order, a deviation from the child support guidelines does not show a material and substantial change in circumstances.

We also note that Chavana had the ability to appeal the 2008 order in a de novo hearing to the referring court. TEX. FAM. CODE ANN. § 201.015 (Vernon Supp. 2010). Chavana testified that she was dissatisfied with the 2008 order and that the court had informed her of her right to appeal that order. However, instead of appealing, she filed another petition to modify. Chavana did not show a material and substantial change in the circumstances of the parties or the children sufficient to support a modification of the child support order. We sustain Murray's first point of error.

In his second point of error, Murray asserts that the trial court erred when it ordered withholding in an amount that was over the maximum amount of 50% of Murray's disposable earnings. *See* TEX. FAM. CODE ANN. § 158.009 (Vernon 2008). Because of our holding in Point

4

of Error No. 1, we do not need to discuss Murray's second point.

In his fourth point of error, Murray argues that the trial court erred when it ordered retroactive child support. Because the trial court erred when it modified the 2008 order, it also erred when it ordered Murray to pay child support retroactively. We sustain Murray's fourth point of error.

In his third point of error, Murray argues that the trial court erred when it awarded Chavana the tax exemption credit. In 2005, Murray and Chavana agreed that Murray would claim the exemption for the oldest child for the year 2005 and every year thereafter. Chavana would claim the exemption for the other two children starting in 2006 and every year thereafter. The federal tax statute provides that, when parents claiming a qualifying child do not file a joint return, the parent with whom the child resided for the longest period of time during the taxable year or, if the child resides with each parent for the same amount of time during each taxable year, the parent with the highest adjusted gross income shall claim the exemption. 26 U.S.C. § 152(c)(4)(A). The parties' prior agreements and orders indicate that the party with whom each child resided would claim the tax exemption. Further, the federal statute supports that arrangement. The oldest child began residing with Chavana in April 2008 and resided with her for the longest period of time during the taxable year. Therefore, the trial court did not err when it awarded Chavana the tax exemption for the year 2008. We overrule Murray's third point of error.

The trial court's judgment is affirmed in part and reversed in part, and the cause is remanded with instructions to the trial court to enter judgment in accordance with this opinion.


JIM R. WRIGHT

October 28, 2010                              CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5