Opinion filed October 28,
2010

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00114-CV

                                                    __________

 

            IN THE
INTEREST OF S.M., S.M., AND S.M., CHILDREN



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 021733



                                            M
E M O R A N D U M   O P I N I O N

            Chad
William Murray appeals from the trial court’s order in a suit affecting the parent-child
relationship.  We reverse and remand in part and affirm in part. 

            Murray
and Karen Chavana are the parents of SM, SM, and SM.[1] 
Murray and Chavana were divorced in 2004.  In the divorce decree, the trial court
appointed Murray and Chavana joint managing conservators of the children;
Chavana had the right to designate the primary residence of all three children. 
The trial court ordered Murray to pay child support of $900 per month.

            In
2005, the trial court entered an agreed order of modification.  By agreement,
the trial court appointed Murray as the parent with the right to determine the
primary residence of the oldest child.  Chavana had the right to determine the
primary residence of the other two children.  The trial court also ordered that
Murray pay Chavana child support of $670.29 per month and that Chavana pay
child support to Murray of $205.80 per month; Murray was authorized to offset
the amount Chavana owed him and to pay the net to her. 

            In
2008, the parties were yet again in the trial court.  At this time, the oldest
child no longer lived with Murray but, rather, had lived with Chavana since
April 2008.  The trial court found that to be a material and substantial change
in circumstances and modified the amount of child support that Murray would pay
to Chavana:  $750 per month (23.5% of Murray’s net monthly resources of
$3,190).  This amount deviated from the guidelines set out in Tex. Fam. Code Ann. §§ 154.121, .128
(Vernon 2008) because the trial court took into account the fact that Murray
provided cell phones for two of the children and Murray’s visitation expenses.

            Shortly
after that order was entered, Chavana filed a petition to modify the trial
court’s orders yet again.  She asked the trial court to allow her the right to
determine the primary residence of the oldest child, to order an increase in
child support, and to allow her to claim the oldest child as a deduction for
income tax purposes.  Upon Chavana’s motion, the trial court in Hill County
transferred this case to Jones County.

            In
Jones County, Murray mostly agreed that the trial court should modify the
agreed order entered in 2005 and that the sole issue to be decided by the trial
court now was the amount of child support that the trial court would order. 

            After
a hearing on the petition, the trial court found that there was a material and
substantial change in circumstances that warranted an increase in child support
to $848.45 per month.  The trial court also found that the payments were to be
made retroactively to July 13, 2008; that Murray was in arrears in the amount
of $886.05 to be paid, including interest, at the rate of $50 per month; and
that Chavana was entitled to a judgment in that amount.  The trial court also
awarded her the right to claim the oldest child as a deduction for income tax
purposes for 2008.

            In
his first point of error, Murray asserts that the trial court erred when it
modified child support because there was not a material and substantial change
in the circumstances of the parties or children.      An order regarding child
support will not be disturbed on appeal unless the complaining party can
demonstrate a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990). The test for an abuse of discretion is whether the court
acted without reference to any guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), citing
Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939).  Stated
differently, the appropriate inquiry is whether the ruling was arbitrary or
unreasonable. Lindsey v.
Lindsey, 965 S.W.2d 589, 591-92 (Tex. App.—El Paso 1998, no pet.).      

            A
court may modify a child support order if the movant shows (1) that the circumstances
of the parents or the children have materially and substantially changed since
the date of the earlier order’s rendition or (2) that three years had passed
since the last order for support was entered and the monthly amount of the
child support award differs by either 20% or $100 from the amount that would be
awarded in accordance with the child support guidelines.  Tex. Fam. Code Ann. § 156.401(a) (Vernon
2008). In determining whether there has been a material and substantial change,
the trial court must examine and compare the circumstances of the parents and
children at the time of the initial order with the circumstances existing at
the time modification is sought.  In re C.C.J., 244 S.W.3d 911, 917
(Tex. App.—Dallas, 2008, no pet.).  

            In
this case, Chavana filed the motion to modify just three weeks after the prior support
order was signed.  Since three years had not passed since the rendition of the
prior orders, she must show evidence of a material and substantial change in
the circumstances of the parties or the children.  Chavana asserts that the
right to designate the oldest child’s primary residence had changed since the 2008
order.  However, it is clear that the oldest child was already living with her when
the 2008 order was entered and that the trial court at the 2008 hearing
considered that change when awarding her an increase in child support from $464.49
to $750.  Further, Murray stipulated to that in his answer to the petition to
modify.  He also stipulated that the prior order did not indicate that change. 
Both parties testified that the oldest child began living with Chavana in April
2008.  This was not a change in circumstances from the time of the 2008 order. 

            Chavana
also claims that there was a material and substantial change in Murray’s net resources
because he did not present evidence of all of his income at the 2008 hearing.  Chavana
argues that the salary from Murray’s temporary job was not offered into
evidence in the 2008 hearing.  However, Murray did testify at the 2008 hearing
that he had a temporary job with Whitney EMS.  But neither Chavana nor the attorney
general made further inquiries into the income Murray made from that job.  The
trial court was aware of Murray’s temporary job and made a statement regarding
Murray’s ability to take a second job.  

            Moreover,
the difference in Murray’s net resources found at the two hearings was not
because of his temporary job with Whitney EMS but, rather, because of a change
in salary from the City of Hillsboro.  At the hearing on the petition to modify,
Murray testified that his income for 2008 from the City of Hillsboro was
approximately $51,000.  The full yearly income from 2008 was not available at
the 2008 hearing; therefore, the court used the yearly income from 2007, which
was $49,700.  Murray further testified that he worked for Whitney EMS until
December 30, 2008, but that, at the time of the hearing, he no longer had a
second job.  The difference between $51,000 and $49,700 does not show a material
and substantial change in the circumstances of the parties especially when that
would not increase child support more than 20% or $100.  See Section 156.401(a)(2).

            Chavana
also argues that there was a material and substantial change in the
circumstances of the parties because the prior order deviated from the child
support guidelines in Sections 154.121 and 154.128.  A child support order
not in compliance with guidelines does not in and of itself establish a material
and substantial change in circumstances warranting modification. Friermood
v. Friermood, 25 S.W.3d 758, 760 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).  A trial court may consider the child support guidelines to determine
whether there has been a material or substantial change of circumstances that
warrants a modification of an existing child support order. Tex. Fam. Code Ann. § 156.402(a) (Vernon
2008).  In modification of existing child support orders, the trial court’s use
of percentage guidelines under child support statutes is discretionary, not
mandatory. Escue v. Escue, 810 S.W.2d 845, 848 (Tex. App.—Texarkana
1991, no writ). 

            In
this case, the trial court stated in its 2008 order that the court was deviating
slightly from the guidelines because Murray was providing cell phones for two
of the children and because of the travel expenses related to visitation. 
Neither of these circumstances had changed at the time modification was
sought.  At the hearing on the petition to modify, Murray testified that he was
still paying for the cell phones for two of the children and that the parties
were meeting in De Leon to pick up and drop off the children.  At the 2008
hearing, the trial court considered other factors when it determined the amount
of child support to award.  Because these factors had not changed since the
rendition of the 2008 order, a deviation from the child support guidelines does
not show a material and substantial change in circumstances. 

            We
also note that Chavana had the ability to appeal the 2008 order in a de novo
hearing to the referring court.  Tex.
Fam. Code Ann. § 201.015 (Vernon Supp. 2010).  Chavana testified that
she was dissatisfied with the 2008 order and that the court had informed her of
her right to appeal that order.  However, instead of appealing, she filed
another petition to modify.  Chavana did not show a material and substantial
change in the circumstances of the parties or the children sufficient to
support a modification of the child support order.  We sustain Murray’s first point
of error.  

            In
his second point of error, Murray asserts that the trial court erred when it
ordered withholding in an amount that was over the maximum amount of 50% of
Murray’s disposable earnings.  See Tex.
Fam. Code Ann. § 158.009 (Vernon 2008).  Because of our holding in Point
of Error No. 1, we do not need to discuss Murray’s second point.  

            In
his fourth point of error, Murray argues that the trial court erred when it
ordered retroactive child support.  Because the trial court erred when it
modified the 2008 order, it also erred when it ordered Murray to pay child
support retroactively.  We sustain Murray’s fourth point of error.  

            In
his third point of error, Murray argues that the trial court erred when it
awarded Chavana the tax exemption credit. In 2005, Murray and Chavana agreed
that Murray would claim the exemption for the oldest child for the year 2005
and every year thereafter.  Chavana would claim the exemption for the other two
children starting in 2006 and every year thereafter.  The federal tax statute
provides that, when parents claiming a qualifying child do not file a joint
return, the parent with whom the child resided for the longest period of time
during the taxable year or, if the child resides with each parent for the same
amount of time during each taxable year, the parent with the highest adjusted
gross income shall claim the exemption.  26 U.S.C. § 152(c)(4)(A).  The
parties’ prior agreements and orders indicate that the party with whom each
child resided would claim the tax exemption.  Further, the federal statute
supports that arrangement.  The oldest child began residing with Chavana in
April 2008 and resided with her for the longest period of time during the
taxable year. Therefore, the trial court did not err when it awarded Chavana
the tax exemption for the year 2008.  We overrule Murray’s third point of error.


            The
trial court’s judgment is affirmed in part and reversed in part, and the cause
is remanded with instructions to the trial court to enter judgment in
accordance with this opinion. 

 

                                                                                                                                                                                                                                                     


                                                                                                JIM
R. WRIGHT

October 28, 2010                                                                    CHIEF
JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Because all three children have initials S.M., we will
refer to them as S.M.1, S.M.2, and S.M.3.  At the time the order was entered,
S.M.1 was seventeen years old, S.M.2 was sixteen years old, and S.M.3 was thirteen
years old.