Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-10-00698-CV

Roger Darren **MELTON**,
Appellant

v.

Irina Zhekova **TOOMEY**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 11625
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
    Sandee Bryan Marion, Justice
    Rebecca Simmons, Justice

Delivered and Filed:  June 1, 2011

AFFIRMED

This appeal arises from a modification proceeding in which a jury determined that the conservatorship of the child in question, L.M., should not be modified.  Roger Darren Melton elected to request a partial reporter's record in this appeal.  *See* TEX. R. APP. P. 34.6(c).  Melton raises six issues in his brief; however, if Rule 34.6(c) applies, Melton is limited to the points or issues he stated that he would present on appeal in requesting the partial reporter's record.  TEX. R. APP. P. 34.6(c)(1); *In re J.S.P.*, 278 S.W.3d 414, 418 (Tex. App.—San Antonio 2008, no pet.).

Irina Zhekova Toomey asserts that Melton failed to comply with Rule 34.6(c) in requesting the partial reporter's record and thus is not entitled to the presumption that the partial reporter's record constitutes the entire record for purposes of appellate review. TEX. R. APP. P. 34.6(c)(4); *see also In re J.S.P.*, 278 S.W.3d at 418 (courts presume material missing from partial reporter's record is relevant and supports the trial court's judgment where a party fails to comply with Rule 34.6(c)). Because Melton's compliance with Rule 34.6(c) affects both the issues we may consider and the presumption applicable in reviewing the record, we first address whether Melton complied with Rule 34.6(c).

## PARTIAL REPORTER'S RECORD

Rule 34.6(c) permits an appellant to request a partial reporter's record. *See* TEX. R. APP. P. 34.6(c). If properly requested, the appellate court is required to presume that the partial reporter's record constitutes the entire record for purposes of appellate review; however, any other party can designate additional exhibits and portions of the testimony to be included in the reporter's record. TEX. R. APP. P. 34.6(c)(2),(4). Rule 34.6(c)(1) provides, "If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). The Texas Supreme Court has, however, adopted a more flexible approach to the application of Rule 34.6. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002).

In *Bennett v. Cochran*, the court held that the presumption in Rule 34.6(c) applied even though the appellant did not file his statement of issues until two months after he filed his notice of appeal. 96 S.W.3d at 229-30. The court noted that the appellee had more than two months to file his brief after he received appellant's statement of issues, and the appellee did not allege that

he was deprived of the opportunity to designate additional portions of the record or that he was otherwise prejudiced by appellant's delay in filing the statement of issues. *Id.* Similarly, the court held in another case that written notice provided to the appellee of the issues the appellant intended to raise on the same day the record request was made satisfied the rule even though the written notice was not in the actual record request. *Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 377 (Tex. 2001).

In this case, Melton filed a notice of appeal entitled, "Petitioner's Notice of Limited Appeal." *See Furr's Supermarkets, Inc.*, 53 S.W.3d at 377 (referring to appeal based on a partial reporter's record as a limited appeal). In the notice of appeal, Melton stated he was asserting his right to a limited appeal of the trial court's judgment "in the failure and refusal of the Court to order Respondent, Irina Zhekova Melton (Toomey) to pay child support and health insurance." Given the Texas Supreme Court's relaxation of Rule 34.6(c) with regard to the manner in which notice of the points or issues to be presented can be provided, we hold that the statement of the issues to be presented in Melton's notice of appeal is sufficient to invoke the presumption of Rule 34.6(c)(4). *See Trien v. Equity Real Estate, Inc.*, No. 08-99-00464-CV, 2001 WL 1383115, at *2-3 (Tex. App.—El Paso Nov. 8, 2001, no pet.) (holding notice of issues to be presented contained in notice of appeal sufficient to invoke presumption of Rule 34.6(c)(4)) (not designated for publication); s*ee also Salinas v. Kristensen*, No. 13-08-00110-CV, 2009 WL 4263107, at *1 (Tex. App.—Corpus Christi Nov. 25, 2009, pet. denied) (noting presumption not invoked where appellants did not announce intent to limit appeal or include notice of issues to be presented in their record request or notice of appeal). However, this also means that Melton is limited on appeal to the issues presented in his notice of appeal. *See* TEX. R. APP. P. 34.6(c)(1);

*In re J.S.P.*, 278 S.W.3d at 418. Accordingly, we only consider Melton's first and second issues in his brief which relate to the trial court's order regarding child support and health insurance.

## CHILD SUPPORT AND HEALTH INSURANCE

Melton asserts that the trial court abused its discretion in failing and refusing to order Toomey to pay "guideline" child support and health insurance. Melton argues that the guideline child support is presumed to be in the best interest of the child and no evidence was presented to "substantiate a variation." Melton also asserts that Toomey admitted helping in her husband's jewelry store so the "[i]ncome from the jewelry store should be included in the calculation of child support" since Toomey is "intentionally unemployed or underemployed." Melton contends that the only explanation for the trial court's refusal to order Toomey to pay child support and to pay for L.M.'s health insurance is "sex discrimination."

A trial court's order pertaining to child support will not be reversed on appeal unless the complaining party can show a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Brejon v. Johnson*, 314 S.W.3d 26, 29 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Friermood v. Friermood*, 25 S.W.3d 758, 760 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford*, 801 S.W.2d at 109. The Texas Family Code allows a court to modify a child support order if the movant shows that the circumstances of the child or a parent have materially and substantially changed since the date of the order's rendition. *Cameron v. Cameron*, 158 S.W.3d 680, 682 (Tex. App.—Dallas 2005, pet. denied); *Friermood*, 25 S.W.3d at 760. As the movant, it was Melton's burden to show the requisite material and substantial change in circumstances since the entry of the previous order. *Cameron*, 158 S.W.3d at 682. Moreover, a court's

consideration of the child support guidelines in a modification proceeding is discretionary, not mandatory. *Brejon*, 314 S.W.3d at 30-31; *Friermood*, 25 S.W.3d at 760. Accordingly, a child support order not in compliance with guidelines does not in and of itself establish a material and substantial change in circumstances warranting modification. *Brejon*, 314 S.W.3d at 31; *Friermood*, 25 S.W.3d at 760.

To determine whether there has been a substantial and material change, the court must compare the financial circumstances of the child and the affected parties at the time the order was entered with their financial circumstances at the time the modification is sought. *In re C.C.J.*, 244 S.W.3d 911, 917-18 (Tex. App.—Dallas 2008, no pet.); *Cole v. Cole*, 882 S.W.2d 90, 92 (Tex. App.—Houston [14th Dist.] 1994, writ denied). "Without evidence setting out the financial circumstances of the parties at the time the original decree of divorce was entered, or the financial circumstances of the parties at the time of the hearing on the motion to modify, the family court cannot make a determination that there has been a material and substantial change." *Cole*, 882 S.W.2d at 92; *see also In re C.C.J.*, 244 S.W.3d at 917-18. As the movant, it was Melton's burden to present evidence of Toomey's historical and current financial circumstances. *Cameron*, 158 S.W.3d at 682.

The divorce decree was signed on February 9, 2009. Toomey was not ordered to pay any child support in accordance with the parties' mediation agreement, and Melton was required to maintain health insurance for L.M. The hearing on the motion to modify was held on August 26, 2010, and the trial court signed the judgment on September 7, 2010.

We initially note that Melton's argument with regard to the child support is primarily premised on the child support guidelines. However, as previously noted, such guidelines are

discretionary, not mandatory, in a modification proceeding. *Brejon*, 314 S.W.3d at 30-31; *Friermood*, 25 S.W.3d at 760.

The partial reporter's record in this case contains only Toomey's testimony. It is clear from Toomey's testimony that several other witnesses testified, including Toomey's husband and several professional counselors. However, we will apply the presumption that the partial reporter's record constitutes the entire record for purposes of the child support and health insurance issues. TEX. R. APP. P. 34.6(c)(4).

Melton relies on Toomey's affirmative response to his attorney's question regarding whether she was voluntarily unemployed. The record, however, establishes that Toomey somewhat struggles with English and even used a Russian language translator on visits with professional counselors. Moreover, whether Toomey was voluntarily unemployed was a determination the trial court was required to make.

Melton also relies on Toomey's testimony that she was employed at a jewelry store making from $12 to $13 an hour at the time of the divorce; however, at the time of the hearing, she helped her husband with that jewelry store without being paid. Toomey also testified, however, that at the time of the divorce, even with her hourly pay, she was living in a government subsidized apartment, receiving food stamps, and also receiving spousal support from Melton. Melton argues that the jewelry store's income should be included in calculating the child support that Toomey should pay; however, the appellate record contains no evidence to prove the jewelry store's income. *See Cameron*, 158 S.W.3d at 682 (noting movant has burden to produce evidence of net income if necessary for the success of his motion to modify). In response to a question by Melton's attorney regarding whether Toomey could find outside employment earning at least $1,600 per month, Toomey stated she was unsure. Even if we were

to assume this testimony established Toomey had the capacity to earn $1,600 per month, this is no evidence of a material and substantial change in circumstances since it is the same amount Toomey allegedly was making at the time of the divorce based on the questions posed by Melton's attorney. Moreover, no evidence was introduced regarding Toomey's expenses. *See In re C.C.J.*, 244 S.W.3d at 918 (noting record must contain evidence of historical and current expenses). While questioning Toomey, Melton's attorney also alluded to the testimony of Toomey's husband regarding Toomey undergoing "a couple of surgeries in the last 18 months." Although Toomey testified that her condition was stable at the time of the hearing, the trial court could consider that only 18 months had elapsed between the signing of the divorce decree and the hearing on the motion to modify and could reasonably infer that having a "couple of surgeries" during that time period could have impacted Toomey's financial circumstances at the time of the hearing. Based on the record presented, we overrule Melton's arguments regarding the trial court's denial of his motion to modify with regard to the child support.

Melton also argues the trial court abused its discretion in failing to order Toomey to pay for L.M.'s health insurance. Melton cites no support for his contention other than section 154.064 of the Family Code which states that the child support guidelines "are based on the assumption that the court will order the obligor to provide medical support for the child in addition to the amount of child support calculated in accordance with those guidelines." TEX. FAM. CODE ANN. § 154.064 (West 2008). However, this statutory provision simply explains that if a trial court orders an obligor to pay for medical support, such payments are in addition to any amount of child support the obligor is required to pay. Therefore, section 154.064 provides no support for Melton's contention that the trial court abused its discretion in denying his motion to

modify. *See* TEX. R. APP. P. 38.1(i) (providing brief must contain appropriate citations to authorities to support argument).

Even if we were to consider section 154.182 of the Family Code, which does address the provision of health care coverage for a child, the statute requires the trial court to consider the "actual cost of health insurance" and states that payments cannot exceed "a reasonable cost to the obligor." TEX. FAM. CODE ANN. § 154.182(b-1) (West Supp. 2010). The reporter's record in this appeal contains no evidence of the "actual cost of health insurance." Moreover, in calculating a "reasonable cost" to the obligor, the trial court would need to have been presented evidence of the obligor's annual resources. *See id*. at § 154.182(b-1), 154.181(e); *see also In re H.J.W.*, 302 S.W.3d 511, 515 (Tex. App.—Dallas 2009, no pet.) (referring to trial court's need to consider party's ability to pay medical support before ordering him to do so). Once again, however, the reporter's record filed in this appeal did not contain any such evidence. As the movant, Melton had the burden to present evidence to establish his entitlement to the relief he sought. *Cameron*, 158 S.W.3d at 682. Based on the appellate record presented in this case, the trial court did not abuse its discretion in denying Melton's motion to modify with regard to health insurance.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice