In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-11-00668-CV**

_____

**KHAI NGOC TRAN AND HAI HOANG, Appellants**

**V.**

**COASTAL SEAFOOD & GROCERY, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-185,104**

**MEMORANDUM OPINION**

Appellants, Khai Ngoc Tran and Hai Hoang, appeal a summary judgment granted in favor of appellee, Coastal Seafood & Grocery.[1] We reverse and remand.

Background

Tran and Hoang, Lenders, sold Coastal three lots, with improvements. In the transaction, Coastal signed a note and gave Lenders a deed of trust securing

_____

[1]Coastal Seafood & Grocery is a partnership between Ted V. Nguyen and Go D. Phan.

1

payment.[2] Approximately two months later, Tran assigned his interest in Coastal's note to a bank. Subsequently, the bank filed the assignment for record in the real property records of Jefferson County.

Seven years later, Coastal became aware of Tran's assignment when it learned that Tran's bank had filed the assignment with the Jefferson County Clerk. Approximately three months later, Coastal sued Lenders, alleging that Lenders were liable to it under four theories, (1) breach of the "Sale Agreement,"[3] (2) conspiracy, (3) fraud, and (4) unjust enrichment.

Subsequently, Coastal filed a traditional motion for summary judgment, claiming there were "no material facts in dispute regarding the cloud which [Lenders] placed on the title to [Coastal's] property." *See* Tex. R. Civ. P. 166a(c). Less than seven days before the hearing, Lenders filed a response. The trial court entered a judgment resolving Coastal's claims without specifying the grounds for its judgment. The judgment states the court, "[a]fter reading the pleadings and hearing arguments of counsel[,]" found Coastal's summary judgment motion "MERITORIOUS[,]" and declared Coastal's note to be paid in full. The trial court

---

[2]Coastal's note and the deed of trust are not in the summary judgment record. However, both are referenced by a warranty deed, executed by Tran at the time of the transaction, which is in the summary judgment record.

[3]The "Sale Agreement" is not contained in the record, and it was not filed as an exhibit in support of Coastal's motion for summary judgment.

also awarded attorney's fees to Coastal and ordered that "[a]ll relief not expressly granted is hereby denied."

## Waiver

As a preliminary matter, Coastal contends that Lenders waived their right to appellate review of issues one and three. According to Coastal, Lenders limited their right to appeal by filing a notice of appeal stating that Lenders wish to appeal "that portion of the judgment rendered against them in said case, specifically, the award[] of attorney[']s fees in the sum of $12,000.00."

Because Coastal's argument on waiver would, if valid, prevent us from reaching two of Lenders' issues that assert the trial court erred in granting summary judgment on the merits of Coastal's claims, we choose to address Coastal's waiver argument first.

Appellate jurisdiction over an appeal is invoked when a party files a notice of appeal. Tex. R. App. P. 25.1(b). Rule 25.1 does not limit issues that an appellate court is required to consider to items, if any, identified in the notice of appeal. *See* Tex. R. App. P. 25.1. However, an appellant's right to raise all issues may be limited if the appellant asks for a partial reporter's record. *See* Tex. R. App. P. 34.6(c)(1). If an appellant asks for a partial reporter's record, the appellant is

required to include in the request "a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." *Id.*

Coastal cites *Melton v. Toomey*, 350 S.W.3d 235, 237 (Tex. App.—San Antonio 2011, no pet.), as support for its argument that Lenders' are not entitled to our review of issues one and three. Unlike the facts before us now, the appellant in *Toomey* requested a partial reporter's record and filed a notice of appeal entitled "'Petitioner's Notice of Limited Appeal[,]'" which stated that the appellant wished to assert a right to a limited appeal related to two of the trial court's specific rulings. *Id.* at 236-37. In *Toomey*, the Court held that although the issues appealed were stated in the notice of appeal and not in the request for the partial reporter's record, as required by Rule 34.6(c)(1), the statement of the issues in the notice of appeal was sufficient to invoke the presumption of Rule 34.6(c)(4). *Id.* at 237. As a result, the appellate court limited the appellant in *Toomey* to the issues stated in the notice of appeal. *Id.*

In this case, Lenders did not request a partial reporter's record. Additionally, at the summary judgment hearing, the court reporter was not asked to make a record. The parties do not contend that any of the proceedings were reported and thus, it is undisputed that no reporter's record of the summary judgment hearing exists. In the absence of a request for a partial reporter's record or a claim that a

4

reporter's record of relevant proceedings was taken and could be transcribed, the notice of appeal vests jurisdiction over the entire case in the court of appeals and the parties' briefs provided Coastal with notice of the issues being raised in the appeal.

Additionally, one of the two issues that Coastal asserts we should not reach—issue one—argues that Coastal failed to file sufficient summary judgment evidence to prove that Coastal was entitled to receive a judgment in its favor. In *Bennett v. Cochran*, the Texas Supreme Court held that under Rule 34.6(c)(4), "an appellant need not file a complete reporter's record to preserve legal or factual sufficiency points." 96 S.W.3d 227, 228 (Tex. 2002) (per curiam). The Court held that the court of appeals erred when it held the appellant waived his legal and factual sufficiency issues by not filing a complete reporter's record. *Id.* Therefore, *Bennett* provides additional support for our decision to reach the merits of Lenders' first issue.

We conclude that Lenders did not invoke the limitations on appeal that are provided by Rule 34.6(c)(1). *See* Tex. R. App. P. 34.6(c)(1). We hold that all of the issues Lenders have raised can be reached in this appeal.

## Standard of Review

We review a trial court's ruling to grant a traditional motion for summary judgment under a *de novo* standard. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The party moving for a summary judgment has the burden to show, with competent summary judgment evidence, that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *see also Nixon v. Mr. Prop. Mgmt. Co*., 690 S.W.2d 546, 548 (Tex. 1985). When a plaintiff moves for a traditional summary judgment, the plaintiff has the burden to conclusively prove all elements of its claims as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). In resolving whether a party met its burden to prove it was entitled to a favorable ruling on its traditional summary judgment motion, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to the non-movant as true. *See Nixon*, 690 S.W.2d at 548-49.

## Issues

Lenders raise three issues in their appeal. Issue one asserts that Coastal failed to establish that no genuine issue of fact existed as related to Coastal's claims. Issue two asserts that Coastal failed to present evidence to support the trial court's award of attorney's fees. In issue three, Lenders argue the trial court erred

in granting summary judgment for several additional reasons, including that the trial court conducted the summary judgment hearing without requiring Coastal to provide the number of days' notice required by the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 166a(c) (requiring that the motion for summary judgment and supporting affidavits be filed and served "at least twenty-one days before the time specified for hearing").

Analysis

First, we will address Lenders' complaint that Coastal failed to establish that there were no genuine issues of material fact. Although the trial court's order did not address Coastal's four theories of liability separately, we will.

Coastal sued Lenders for breaching a contract that Coastal's motion references as the "Sale Agreement." To receive a favorable ruling on its traditional motion for summary judgment, Coastal was required to "prove all essential elements of [its] claim." *See Jones*, 710 S.W.2d at 60. The essential elements of a breach of contract claim include: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; (4) damages sustained as a result of the breach." *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The summary judgment evidence before the trial court did not include a copy of the sales agreement at issue. Thus, the summary judgment record does not establish, as a matter of law, that the "Sale Agreement" prohibited Tran from assigning his interest in Coastal's note to a third party. Moreover, the evidence before the trial court failed to establish, as a matter of law, that Tran's assignment created a lien on Coastal's property or that Coastal was damaged by Tran's assignment. We conclude that Coastal was not entitled to a summary judgment on its breach of contract claim.

Coastal also sued Lenders for conspiracy, alleging that Lenders conspired with the bank to obtain a loan on collateral that they no longer owned. The elements of an actionable conspiracy include: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Here, because there is no proof that the "Sale Agreement" prohibited an assignment of the note to a third party, the summary judgment evidence fails to conclusively establish that Tran's assignment of his interest to a bank violated any of Coastal's rights. Additionally, no affidavit or other summary judgment evidence established that Coastal was damaged by a conspiracy, nor is there any evidence establishing the amount of damages caused

by the alleged conspiracy. We conclude that Coastal was not entitled to a summary judgment on its conspiracy claim.

Coastal's third theory of liability, fraud, requires proof of: (1) a material representation; (2) that was false; (3) made by the speaker as a positive assertion, with knowledge that it was false or made recklessly without any knowledge of the truth; (4) made by the speaker with the intent that the other party act upon it; (5) the party acted in reliance on the representation; and (6) the party was injured by it. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Here, the summary judgment evidence did not conclusively establish that either Tran or Hoang falsely represented that they would not assign the note to a third party. Additionally, the summary judgment evidence did not show that Tran was not the record owner of the real property included in the transaction at issue. Finally, the summary judgment evidence failed to establish, as a matter of law, the amount of Coastal's damages caused by Lenders' alleged fraud. We conclude that Coastal was not entitled to a summary judgment on its fraud claim.

Coastal's last theory, unjust enrichment, alleges a right to a recovery of $137,000. There are circumstances under which "overpayments under a valid contract may give rise to a claim for restitution or unjust enrichment." *Sw. Elec. Power Co. v. Burlington N. R.R. Co*., 966 S.W.2d 467, 469-70 (Tex. 1998) (citing

9

examples allowing restitution to be recovered). Assuming, without deciding, that Coastal has a claim for unjust enrichment, the summary judgment evidence failed to establish that Coastal overpaid Lenders on its note; instead, the summary judgment evidence reflects that as of the date of the summary judgment hearing, Lenders had not received full payment on Coastal's note. Nor does the summary judgment evidence establish as a matter of law that Coastal paid for real property to which it did not receive clear title. Absent evidence establishing that no material issues of fact existed, Coastal did not meet its summary judgment burden on its claim of unjust enrichment.

We conclude that Coastal did not meet its burden to establish that no material issues exist on any of its theories of recovery. We sustain issue one. As Lenders' remaining issues afford them no greater relief, we decline to reach issues two and three. *See* Tex. R. App. P. 47.1.

Coastal also filed a cross-point, claiming that Lenders' appeal is frivolous and asking for sanctions. Because Lenders' appeal has merit, we overrule Coastal's cross-point. Because Coastal did not meet its burden of proof on its traditional motion for summary judgment, the trial court erred in granting judgment in Coastal's favor. We reverse the trial court's judgment, and we remand the case to the trial court for further proceedings consistent with this opinion.

10

REVERSED AND REMANDED.


_____
HOLLIS HORTON
Justice


Submitted on December 27, 2012
Opinion Delivered February 28, 2013
Before McKeithen, C.J., Gaultney and Horton, JJ.


11