

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00762-CV

Anthony Chijioke **NGWU**,
Appellant

v.

Vera Amuche **TONI**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-19833
Honorable Martha Tanner, Judge Presiding

Opinion by:  Beth Watkins, Justice

Sitting:  Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 24, 2019

AFFIRMED

Appellant Anthony Chijioke Ngwu appeals a final decree of divorce, challenging the decree's child support and property division terms.  We affirm.

### BACKGROUND

On October 16, 2017, Appellee Vera Amuche Toni filed for divorce from Ngwu.  In her petition, she alleged that she and Ngwu had been married since 2001 and that they have four minor children, three of whom have medical conditions that required substantial care.  Ngwu, represented by counsel, answered and filed a counter-petition containing many of the same allegations as

Toni's petition. Before trial, Ngwu's attorney withdrew, and he received a continuance to hire new counsel. Ultimately, Ngwu represented himself at trial.

After a bench trial, the trial court signed a decree naming Toni and Ngwu joint managing conservators of all four children with Toni having the exclusive right to determine their primary residence. The trial court ordered Ngwu to pay $1,200 per month in child support. The trial court also found that one of Toni and Ngwu's children suffers a mental or physical disability, and ordered child support payments for this child to continue past his eighteenth birthday. The trial court also divided the marital estate, awarding each party the property in their possession and retirement accounts in their own names, and ordering each to pay the debts in their own names. It also awarded Toni three cars plus the associated debt, and Ngwu one car plus the associated debt. Ngwu requested findings of fact and conclusions of law, which the trial court provided before Ngwu appealed.

## ANALYSIS

On appeal, Ngwu "asserts that the trial court did not have sufficient information upon which to exercise its discretion to divide community property and assess [c]hild support payment[s]. . . ." He also argues that the trial court abused its discretion in dividing the community property and in ordering him to pay $1,200 per month in child support.

### *Standard of Review*

We review a trial court's orders pertaining to child support for abuse of discretion. *Melton v. Toomey*, 350 S.W.3d 235, 238 (Tex. App.—San Antonio 2011, no pet.). "'The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.'" *Id*. (quoting *Worford v. Stamper*, 801 S.W. 2d 108, 109 (Tex. 1990)). Although not independent grounds of error, legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion. *Cruz v.*

*Cruz*, No. 04-17-00594-CV, 2018 WL 6793847, at \*4 (Tex. App.—San Antonio Dec. 27, 2018, no pet.) (mem. op.).  Where the appellant challenges the legal or factual sufficiency of the evidence supporting a child support determination, we apply a two-step test—first, we determine whether the trial court had sufficient information on which to exercise its discretion, and second, we consider whether the trial court erred in exercising that discretion.  *Id.* at \*1.

We review a trial court's division of community property for abuse of discretion.  *Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.—San Antonio 2006, no pet.).  The Texas Family Code provides a trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."  TEX. FAM. CODE ANN. § 7.001.  The trial court does not abuse its discretion if there is some evidence of a substantive and probative character that supports its decision.  *Garza*, 217 S.W.3d. at 549.  As in the child support context, we review a challenge to the legal and factual sufficiency of the evidence by determining: (1) whether the trial court had sufficient evidence upon which to exercise its discretion; and (2) whether the trial court erred in its application of that discretion.  *Id.*

### *Inadequate Evidence to Rule*

Ngwu—acting pro se on appeal—argues that the trial court lacked sufficient information to divide the community estate and to order child support.  He complains, "[t]here is no record showing the parties . . . submitted a sworn inventory into evidence during the trial" and that there is no record showing "appellant's income and legitimate business expenditure as a self-employed individual" from the documentary or testimonial evidence admitted at trial.  Toni responds that the trial court received "exhibits presented by Appellee, which included pay stubs, payment report printouts, and Federal income-reporting documents that were provided to [Toni] in response to discovery requests served on [Ngwu]."

When an appellant—even one acting pro se[1]—claims the trial court abused its discretion, he bears the burden of providing a record showing an abuse of discretion. *In re N.M.D.*, No. 04-13-00849-CV, 2014 WL 3339627, at *2 (Tex. App.—San Antonio July 9, 2014, no pet.) (mem. op.). Here, although the final decree of divorce recites that a record of the testimony was made, no reporter's record has been filed in this appeal. In response to orders from this court, Ngwu represented that no record of the July 18, 2018 trial was actually made. This court also confirmed with the official court reporter that no reporter's record of the trial was made. And the clerk's record does not demonstrate that Ngwu requested a reporter's record to be made or objected to the failure to record the proceedings. *See Campbell v. Campbell*, No. 02-12-00313-CV, 2014 WL 1999318, at *1 (Tex. App.—Fort Worth May 15, 2014, no pet.) (mem. op.). It is the appellant's burden to present an appellate record that substantiates his arguments on appeal. *See, e.g., Eagle Fabricators, Inc. v. Rakowitz*, 344 S.W.3d 414, 421 (Tex. App.—Houston [14th Dist.] no pet.); *see also* TEX. R. APP. P. 34.6. Without a record of the proceedings before the trial court, we cannot review Ngwu's complaint that the trial court lacked sufficient evidence to reach its ruling, and we must presume the reporter's record would support the trial court's judgment. *See Cruz*, 2018 WL 6793847, at *4; *N.M.D.*, 2014 WL 3339627, at *2. Because we lack a reporter's record, we overrule Ngwu's first issue.

### *Property Division*

Next, Ngwu complains that the trial court abused its discretion in dividing the community estate. Specifically, he argues "[b]y awarding a huge disproportion (more than 99%) of the [a]ssets, retirement benefits to the appellee, and a huge disproportion (97%) of the liabilities to the

---

[1] Although we recognize Ngwu is acting pro se on appeal, the law is well-settled that a pro se party must comply with all applicable appellate rules. *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 75 (Tex. App.—San Antonio 2017, no pet.) (per curiam).

Appellant, [the trial court] failed the equitable and fairness test." He contends that the trial court abused its discretion in refusing to make factual findings about the monetary value of the property it divided. In her brief, Toni argues that she presented evidence that "the parties' assets totaled $53,781.52 and their debts totaled $134,138.66, resulting in a negative community estate. . . ."

In its findings, the trial court recited that during their marriage, Ngwu and Toni acquired "[c]ash in financial accounts of minimal value, minimally valued retirement accounts, 2011 Chevrolet Suburban, 2013 Chevrolet Malibu, 2017 Dodge Caravan, 2017 Nissan Sentra, and minimally valued household items and personal belongings." The trial court found Ngwu and Toni's community estate was encumbered by the following: "[a]uto loan payable to SSFCU on Dodge Caravan, lien owed to LastPointe Automotive on 2011 Chevrolet Suburban, auto loan payable to Santander Consumer on 2017 Nissan Sentra, and other minimal debts of the parties." The trial court specifically recited that it "took into consideration the following factors in making a determination of a just and right division: needs of the parties, needs of the children of the parties, periods of possession of the parties, parties' contributions in the marriage." Ngwu did not request additional or amended findings or conclusions. *See, e.g., In re Estate of Hargrove*, No. 04-18-00355-CV, 2019 WL 1049293, at * 2 (Tex. App.—San Antonio Mar. 6, 2019, pet. filed.) (mem. op.); *see also* TEX. R. CIV. P. 298. For that reason, his complaint that section 6.711 of the Texas Family Code required the trial court to assign a monetary value to these items is not properly preserved. *See Hargrove*, 2019 WL 1049293, at *2 (holding party's complaint about adequacy of findings was waived when party never requested additional or amended findings); TEX. R. APP. P. 33.1(a).

To answer Ngwu's question about whether the trial court abused its discretion in dividing the community estate, we are required to review the record. Again, it is Ngwu's burden to present this court with a record of that evidence. *See Rakowitz*, 344 S.W.3d at 421. We cannot determine

whether the trial court abused its discretion in dividing the community estate without a record of the evidence presented to the trial court. We therefore overrule Ngwu's second issue.

### Child Support

In his final argument, Ngwu asserts that the trial court abused its discretion in deviating from the child support guidelines set forth in Texas Family Code sections 154.125 and 154.065(a). Section 154.125(b) sets the presumptive percentage of child support for four children at 35% of the obligor's net resources when those resources are less than $8,550.[2] TEX. FAM. CODE ANN. § 154.125(b). Under section 154.065(a), "[i]ncome from self-employment, whether positive or negative, includes benefits allocated to an individual from a business or undertaking . . . less ordinary and necessary expenses required to produce that income." *Id.* § 154.065(a).

The trial court specifically found Ngwu's net monthly resources to be $3,428.57. It then ordered Ngwu to pay $1,200, which is 35% of $3,428.57. Ngwu, however, compares the $1,200 amount he was required to pay to the $352 amount the temporary orders in this case required him to pay. Toni counters that she "did produce an inventory to the trial court at trial, and provided testimonial support by Appellee regarding the needs of the children of the parties, the caretaking of each parent with regard to those children, and the contribution each party made to the community estate." She contends that the trial court admitted exhibits about Ngwu's income that was produced to her during discovery.

Because we do not have a reporter's record, we cannot review the evidence to determine whether the trial court abused its discretion in setting the amount of Ngwu's child support. *See Cruz*, 2018 WL 6793847, at *4; *N.M.D.*, 2014 WL 3339627, at *2. As a result, we cannot

---

[2] Effective September 1, 2013, the Texas Attorney General raised this amount from the $7,500 amount described in section 154.125(a) to $8,550, as authorized by section 154.125(a-1). *See, e.g.,* 39 Tex. Reg. 4647, 4647 (July 19, 2013), https://texashistory.unt.edu/ark:/67531/metapth326803/m1/93/?q=%20date:2013-2014%20154.125 (last visited on June 11, 2019).

determine whether the trial court had sufficient information on which to exercise its discretion in ordering Ngwu to pay $1,200 per month in child support or whether the trial court erred in exercising that discretion. *See Melton*, 350 S.W.3d at 238. We therefore overrule Ngwu's final issue.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

Beth Watkins, Justice