

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00202-CV

**IN THE INTEREST OF H.E.W.M.**, a Child

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 16-443CCL
Honorable Kirsten Cohoon, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: April 15, 2020

AFFIRMED; MOTION FOR ATTORNEY'S FEES DENIED

James Brent Mansfield appeals the denial of his counter-petition seeking a downward

modification of his child support obligation. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Brent and Kelly were divorced in 2015. The agreed final decree, signed July 16, 2015, was

based upon a mediated settlement agreement and was signed by both parties, agreeing and

approving it as to form and substance. The decree required Brent to pay monthly child support for

their son, H.E.W.M., in the amount of $1,750.00 and to make monthly payments of $153.51 to

---

[1]The Honorable Bill Palmer, formerly the presiding judge of the 451st Judicial District Court of Kendall County, Texas, presided over the hearing on appellant's counter-petition to modify the parent-child relationship and signed an order denying the request to modify child support. The Honorable Kirsten Cohoon signed the final order that disposed of all issues in the modification proceeding.

reimburse Kelly for health, dental, and vision insurance premiums pursuant to section 154.182 of the Family Code. In June 2016, Kelly filed a motion to modify the decree. Kelly and Brent mediated the issues raised in Kelly's motion and reached agreement in September 2016 to modify the terms of possession and access. However, the agreement was not presented to the court and the proceeding remained pending in the trial court. In February 2018, Brent filed a counter-petition, seeking to modify his child support obligation. Brent alleged the order he sought to modify was based on a mediated settlement agreement and the support payments previously ordered were not in substantial compliance with the guidelines in chapter 154 of the Texas Family Code. He further alleged the circumstances of a person affected by the order had materially and substantially changed since the original order was signed and that the requested decrease would be in the best interest of the child.

The issue of whether to modify Brent's child support obligation was tried to the bench in October 2018. No witnesses gave sworn testimony. The facts upon which the parties rely in this appeal were presented to the court by the attorneys without objection.[2] In addition, Brent's 2016 and 2017 tax returns, several of his 2018 pay stubs, his unsworn October 2018 financial information statement, and a Berkshire Hathaway Single Premium Annuity Contract were admitted into evidence.

The undisputed statements made to the court established that at the time of the 2015 agreed divorce decree, Brent was unemployed. Although Brent did not have income from employment, he received a monthly annuity payment in the amount of $6,970 from a structured settlement of a personal injury suit.[3] The attorneys agreed that at the time of the hearing on the motion to modify,

---

[2]*See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam) ("Normally, an attorney's statements must be under oath to be considered evidence . . . [but] the opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary.").
[3]The injury and settlement all occurred before Brent and Kelly were married.

Brent was employed and was receiving $6,970 a month for the annuity and $3,800 a month gross from his employment.[4] In addition, during the time the modification proceedings had been pending in the trial court, Brent had remarried, had a child, and divorced. At the time of the hearing, Brent was paying $1,500 a month in child support for the younger child. Brent's unsworn financial information statement lists his monthly expenses at the time of the hearing, but no evidence was presented of Brent's expenses at the time of the original decree.

The trial court took the matter under advisement and later signed an order denying Brent's counter-petition to modify and awarding Kelly $5,000 in attorney's fees. The trial court made findings of fact and conclusions of law in which it found Brent's additional child support obligation did not affect his net resources and that there had not been a material and substantial change in the circumstances of either the parties or the child that would support modifying Brent's child support obligation. The trial court subsequently signed a final order that incorporated the mediated modifications to the terms of possession and access. With respect to child support, the order states the child support provisions are "as previously delineated in the final Decree of Divorce signed and rendered on July 26, 2015." Brent timely appealed, challenging several of the trial court's findings of fact, the inclusion of the annuity as a resource for the purpose of setting child support, and the trial court's denial of his request to modify the amount of monthly child support and medical support he pays for H.E.W.M.

---

[4]Brent's unsworn financial information statement states his gross wages averaged $3,398 per month; his 2017 tax return showed income from wages of $33,989; his paystub for the pay period ending September 1, 2018 showed Brent's 2018 year-to-date gross earnings were $29,849, or approximately $3,731 per month. However, the parties' attorneys agreed at the hearing that Brent's gross wages were $3,800 per month:

> BRENT'S ATTORNEY: The $6,970, I believe, is the annuity. He makes about $3,800 gross from the work at the RV center.
> . . . .
> THE COURT: Do you disagree with the numbers [Brent's attorney] states; that the $6,970 a month for the annuity and the $3,800 a month gross for the new salary?
>
> KELLY'S ATTORNEY: I do not disagree. . . . .

## STANDARD OF REVIEW

"A trial court has broad discretion in determining whether to modify the amount of child support." *In re E.R.T.*, No. 04-15-00071-CV, 2015 WL 9486824, at *2 (Tex. App.—San Antonio Dec. 30, 2015, no pet.) (mem. op.). We will not disturb the trial court's decision unless the complaining party shows a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). Under this standard, we defer to the trial court's factual determinations if they are supported by some probative and substantive evidence. *Van Ness v. ETMC First Physicians*, 461 S.W.3d 140, 142 (Tex. 2015) (per curiam); *E.R.T.*, 2015 WL 9486824, at *2. However, "[a] trial court has no discretion in determining what the law is or properly applying the law. If the trial court fails to properly interpret the law or applies the law incorrectly, it abuses its discretion." *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642-43 (Tex. 2009) (orig. proceeding) (citation omitted).

## ANNUITY AS RESOURCE FOR DETERMINING CHILD SUPPORT

In his second and third issues, Brent argues the trial court erred by including the annuity he receives from the structured settlement as part of Brent's net resources for the purpose of setting child support and in finding that he had agreed to do so at the time of the original divorce decree.

Section 154.062 of the Family Code lists the resources to be included in calculating an obligor's child support liability. *See* TEX. FAM. CODE § 154.062(b). We decided the issue of whether Brent's annuity payment is considered a resource under section 154.062 in the appeal from the decree in his second divorce. *See Mansfield v. Mansfield*, No. 04-18-00551-CV, 2019 WL 6138984 (Tex. App.—San Antonio Nov. 20, 2019, pet. denied) (op. on reh'g). For the reasons discussed in that opinion, we hold the settlement annuity is a resource to be considered in determining child support. *See id.* at *2-3.

Brent's second issue asserts the trial court abused its discretion by finding that Brent, "at the time of the final decree of divorce agreed to factor the annuity payment as income for the calculation of guideline child support." There is no evidence the parties expressly agreed at the time of the divorce that the annuity would or would not be considered a "resource" within the meaning of section 154.062. However, the record establishes Brent had no income from employment at the time of the divorce, he received $6,970 a month from his annuity, and he agreed to pay $1,750 a month in child support. From these facts, the trial court reasonably could infer that Brent agreed to consider the annuity payment in calculating child support. Moreover, because the annuity is a resource within the meaning of section 154.062(b) as a matter of law, any error in making the finding is not harmful. *See id.* at *3. We overrule Brent's second and third issues.

### DENIAL OF REQUEST TO MODIFY CHILD SUPPORT

Brent's counter-petition alleged the child support payments in the agreed decree were not in substantial compliance with the guidelines in chapter 154 and that there had been a material and substantial change in circumstances since the original decree. He sought a downward modification in the amount of his child support payments. In Brent's first and fourth issues, he contends the trial court abused its discretion in finding there had not been a material and substantial change in circumstances, denying the counter-petition to modify, and ordering he continue to pay $1,750 per month in child support.

When, as here, parents agree to a support order that is different from the amount required by the child support guidelines, the trial court has discretion to modify the order "only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition." TEX. FAM. CODE § 156.401(a-1)[5]; *In re Moore*,

---

[5]Brent asserts in his brief that he is also entitled to a reduction in child support under section 156.401(a)(2) because more than three years have elapsed since the decree and the support order in the decree differed by either 20% or $100

511 S.W.3d 278, 283 (Tex. App.—Dallas 2016, no pet.). The party requesting the modification has the burden to show such a change in circumstances. *Moore*, 511 S.W.3d at 283; *Melton v. Toomey*, 350 S.W.3d 235, 238 (Tex. App.—San Antonio 2011, no pet.). To meet its burden, the party seeking modification must ensure evidence of the parent's financial circumstances or the child's financial circumstances and needs, both at the time of the prior order and at the time of the modification hearing, is presented to the trial court. *Melton*, 350 S.W.3d at 238; *In re D.S.*, 76 S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Farish v. Farish*, 921 S.W.2d 538, 541 (Tex. App.—Beaumont 1996, no writ). In determining whether there has been a substantial and material change in circumstances that warrants modification of a child support obligation, the trial court may consider the Family Code's child support guidelines for multiple families if the modification is in the best interest of the child. TEX. FAM. CODE § 156.402. However, the court's use of the guidelines in a modification proceeding is discretionary, not mandatory. *Melton*, 350 S.W.3d at 238; *D.S.*, 76 S.W.3d at 522, 524; *Farish*, 921 S.W.2d at 544. Evidence that the original child support order was not in compliance with guidelines or that the obligor has had another child since the original order, is therefore not in and of itself sufficient to establish a material and substantial change in circumstances. *See Sparks v. Rutkowski*, No. 03-17-00452-CV, 2018 WL 3799940, at *4 (Tex. App.—Austin Aug. 3, 2018, no pet.) (mem. op) (additional child); *Melton*, 350 S.W.3d at 238 (prior order exceeds guidelines); *Farish*, 921 S.W.2d at 544-46 (additional child and prior order exceeded guidelines).

Brent argues his circumstances have materially and substantially changed since the original agreed decree was signed because he has new child and medical support expenses that reduce his

---

from the guideline amount. However, section 156.401(a)(2) does not apply when the child support obligation that exceeds the guidelines is part of an agreed order. *See* TEX. FAM. CODE § 156.401(a), (a-1).

net income. He also contends the amount of his child support obligation substantially exceeds the Family Code guideline for multiple families.[6]

At the time of the original decree, Brent was unemployed and received $6,970 a month from his annuity. The record contains no evidence of what additional resources he may have had at the time. There is also no evidence in the record of Brent's expenses at the time of the original decree, other than the amounts of child support and medical support he agreed to pay for H.E.W.M.

The parties' attorneys agreed that Brent obtained employment after the original decree was signed and that at the time of the modification hearing, Brent received "$3,800 a month gross from [his] work" and $6,970 from the annuity. There was evidence he had incurred an additional child support expense of $1,500 per month and an additional medical support expense[7] per month due to the birth of a second child. Brent's financial information statement contains a list of his monthly living expenses at the time of the hearing.

Evidence before the trial court shows Brent's gross income increased $3,800 a month between the decree and the modification hearing. Although there was evidence Brent had new child and medical support expenses, without any evidence of what Brent's expenses were at the time of the original decree, the trial court had no evidence from which it could determine whether his overall expenses had risen, stayed the same, or gone down. Even if the trial court had assumed Brent's other expenses had not changed since the decree, the increase in his income was far greater than the only new expense shown by the evidence. Under these circumstances, the trial court did

---

[6]Brent contends the guideline amount of child support for H.E.W.M. is $429 a month. He arrives at this amount by asserting his resources for calculating child support should include only his earned income from wages and exclude his annuity, then reducing his gross wages by taxes and other statutorily mandated items, and multiplying the resulting figure by 17.5%, to reflect his obligation to support a child in a second household. *See* TEX. FAM. CODE §§ 154.062, 154.129. However, Brent's annuity is a resource for calculating child support. Neither the record nor the brief contains a calculation of the guideline support based on Brent's total resources.

[7]The agreed decree requires Brent to pay $153.51 per month in medical support for H.E.W.M. Brent's financial information statement states he pays $380 per month for "health insurance for children." Brent asserts in his brief that he pays $396 in monthly medical support for his second child, but there is nothing in the record to support this amount.

not abuse its discretion in finding there was no showing of a material and substantial change in circumstances, denying Brent's counter-petition to modify child support, and ordering him to continue to pay $1,750 in monthly child support payments for H.E.W.M., as provided in the agreed divorce decree. *See Melton*, 350 S.W.3d at 238 (stating that "[w]ithout evidence setting out the financial circumstances of the parties at the time the original decree of divorce was entered, or the financial circumstances of the parties at the time of the hearing on the motion to modify, the family court cannot make a determination that there has been a material and substantial change"); *Farish*, 921 S.W.2d at 544-46 (holding neither fact that prior child support order exceeded guidelines nor obligation to support another child were sufficient to establish material change in circumstances where evidence showed obligor had a substantial increase in income). We therefore overrule Brent's first and fourth issues.

### MEDICAL SUPPORT PAYMENTS

In his fifth issue, Brent contends the trial court erred by requiring him to continue to pay monthly medical support payments for H.E.W.M. in the amount of $153.51. Brent argues the amount of medical support is excessive and violates section 154.181(e) of the Family Code, which provides "the total cost of health insurance coverage for all children for which the obligor is responsible under a medical support order" should "not exceed nine percent of the obligor's annual resources as described by Section 154.062(b)." *See* TEX. FAM. CODE § 154.181(b).

We reject Brent's argument for several reasons. First, Brent did not specifically request a modification of the medical support obligation in his counter-petition, at the hearing, or in his post-hearing motions, and he did not present an objection to the trial court that the cumulative amount of his medical support obligations exceeds nine percent of his resources. Further, he did not present any evidence of the $396 he contends he has been ordered to pay in monthly medical support for his second child. Finally, the total of $6,600 ($550 x 12) that Brent asserts he is being ordered to

pay yearly in medical support for his two children is far less than nine percent of Brent's annual resources, which exceed $120,000 per year. We therefore overrule Brent's fifth issue.

**KELLY'S MOTION FOR APPELLATE ATTORNEY'S FEES**

The trial court's final order includes an award of $5,000 attorney's fees to Kelly for the defense of Brent's counter-petition for modification. The final order did not include an award of contingent appellate attorney's fees. Kelly did not file a cross-appeal challenging the failure to award contingent appellate attorney's fees.

After Brent filed his notice of appeal, Kelly requested the trial court enter temporary orders pursuant to section 109.001(a)(5), requesting among other things, an award of $7,500 for fees incurred in the court of appeals and additional amounts if a petition for review was filed. The trial court signed a temporary order requiring Brent to pay Kelly $5,000.00 for attorney's fees "by 5:00 p.m. the day he files his Appellant' brief in any appeal." Brent filed a petition for a writ of mandamus, challenging the temporary order. This court held no evidence was presented to the trial court establishing the temporary order was "necessary to preserve and protect the safety and welfare of the child during the pendency of" this appeal. *In re Mansfield*, No. 04-19-00249-CV, 2019 WL 2439104, at *3 (Tex. App.—San Antonio, June 12, 2019) (orig. proceeding) (mem. op.) (quoting TEX. FAM. CODE § 109.001(a)(5)). This court concluded "the trial court abused its discretion by ordering relator to pay Kelly $5,000 in attorney's fees pending the appeal" and conditionally granted the petition. *Id.* The trial court subsequently vacated the temporary order.

After Brent's reply brief was filed in this appeal, Kelly filed a motion for appellate attorney's fees, asking the court to award contingent appellate attorney's fees or to remand for the trial court to so award. Kelly's motion does not contain any authority that supports her request. Because Kelly did not appeal the trial court's failure to award contingent appellate fees in its final

order and this court has finally ruled in a separate proceeding that she did not establish a right to a temporary order for appellate fees, we deny the motion.

## CONCLUSION

We affirm the trial court's March 27, 2019 final order denying Brent's counter-petition to modify the parent-child relationship. We deny Kelly's motion for appellate attorney's fees.

Luz Elena D. Chapa, Justice