

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00269-CV

**IN THE INTEREST OF W.C.S.**, a Child

From the 452nd District Court, Mason County, Texas
Trial Court No. 175751
Honorable Robert Rey Hofmann, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: July 20, 2022

AFFIRMED

Appellant Will Simpson ("Father") appeals from an order granting appellee Candice Hafley ("Mother")'s petition requesting a modification in Father's child support payments. We affirm the trial court's judgment.

### BACKGROUND

Mother and Father were married and had one child, W.C.S., during their marriage. On June 3, 2016, a final divorce decree was entered in Coke County, ordering that Mother and Father be appointed joint managing conservators of W.C.S. and ordering Father to pay child support to Mother of $500 per month with the first payment being due on April 1, 2016. The divorce decree also ordered that the parties mediate the terms and conditions of possession and support of W.C.S. and that prior to mediation, Father "shall provide [Mother] with a copy of [his] 2016 federal

income tax return. If at the time of mediation, income documentation justifies an increase in the amount of child support, same shall be made retroactive to the date of this agreement."

In May 2017, Mother filed a petition to modify the parent-child relationship, requesting that Father's child support payment be increased. Mother alleged a material and substantial change in Father's circumstances because the payments previously ordered were not in substantial compliance with the guidelines in chapter 154 of the Texas Family Code. Mother requested that any increase be made retroactive to the earlier of the time of the service of citation on Father or the appearance of Father in the case. Father filed a counterpetition to modify the parent-child relationship, seeking to reduce the amount of his monthly child support payments, alleging that the payments previously ordered were not in substantial compliance with the guidelines in chapter 154 of the Texas Family Code. Father requested that any decrease be made retroactive to the earlier of the time of service of citation on Mother or the appearance of Mother in the case.

On July 14, 2017, Mother and Father entered into a Partial Mediated Settlement Agreement ("Partial MSA"), where they agreed to terms relating to possession of W.C.S. and in paragraph 7, agreed that "[t]he issues of child support and health insurance for the child shall be resolved either [by] agreement of the parties or Final Order of the Court." Paragraph 8 of the Agreement provided, "[e]xcept in the event of an emergency regarding the health and safety of the child, neither party shall file a petition to modify in this case for a period of three years of the date of this agreement, except as regarding the issues set forth in paragraph 7, above, which are not resolved by this agreement."

The trial court subsequently entered an agreed order transferring the case to Mason County. In December 2019, Mother filed a second amended petition to modify the parent-child relationship, asserting that she and Father entered into a Partial MSA that dispensed of all issues except for present, future, and retroactive child support. Mother requested an increase in Father's child

support payments, alleging that Father's circumstances had materially and substantially changed since the rendition of the final decree of divorce. Mother argued that Father's 2016 tax return reflected more income than what was utilized to set child support at the time of the divorce. She requested that child support be increased to reflect the guideline support based on Father's true net resources, and that the increase be made retroactive to the date of the final decree of divorce and be calculated per year for the respective years, 2016, 2017, 2018, 2019, and continuing until W.C.S. ages out per the final decree of divorce. Mother asserted that Father was intentionally underemployed and requested that the court order guideline child support payments based upon Father's earning potential and historical income under section 154.066 of the Texas Family Code.

On March 3, 2021, the trial court held a bench trial on Zoom. At trial, Mother, accountant Lindell Estes, and accountant Wylie Webb testified. The trial court admitted documents into evidence, including the final decree of divorce, Partial MSA, Father's 2016-2019 tax returns, and Father's bank statements. On April 14, 2021, the trial court granted Mother's requested modification of child support. In the order, the trial court found that the material allegations in Mother's petition to modify support were true and that the ordered modification was in the best interest of the child. The court found that there had been a material and substantial change in Father's net resources since the entry of the 2016 final decree of divorce. After applying the $500 per month Father had paid, the court found that Father owed $49,223.70 in retroactive child support and ordered Father to pay retroactive child support in the amount of $410.20 each month to Mother beginning March 15, 2021 until the arrearage is paid in full or on the termination of current support for W.C.S. The court also ordered Father to pay Mother $1,419.59 per month, beginning on March 15, 2021, for current child support. The court noted that Father's total amount due per month was $1,829.79, until the retroactive child support and interest was paid. Father subsequently filed a request for findings of fact and conclusions of law. Mother responded by filing proposed findings

of fact and conclusions of law. After the trial court entered its findings of fact and conclusions of law, Father filed a second request with proposed amended findings of fact and conclusions of law, which was overruled by operation of law. This appeal followed.

### STANDARD OF REVIEW AND APPLICABLE LAW

A trial court has broad discretion in determining whether to modify a child support order and unless the complaining party can show a clear abuse of discretion, the trial court's order should not be disturbed on appeal. *In re M.A.G.*, No. 04-01-00347-CV, 2002 WL 501657, at *1 (Tex. App.—San Antonio Apr. 3, 2002, no pet.) (not designated for publication) (citing *Worford v. Stamper*, 801 S.W.2d 108 (Tex. 1990)). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Id.*

In modification suits, traditional sufficiency standards of review overlap the abuse of discretion standard. *Clark v. Clark*, No. 03-20-00411-CV, 2021 WL 3775565, at *2 (Tex. App.—Austin Aug. 26, 2021, no pet.) (mem. op.). Challenges to legal and factual sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *Id.* Consequently, to determine whether a trial court abused its discretion, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion, and (2) if so, whether the trial court erred in its exercise of that discretion. *Id.*

When a trial court issues findings of fact, as it did here, those findings are subject to review under the same legal and factual sufficiency standards as jury findings. *Id.* In conducting our legal sufficiency review, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822

(Tex. 2015). We will not substitute our judgment for that of the factfinder and will uphold the finding if the evidence falls within the zone of reasonable disagreement. *Id.* Evidence is factually insufficient to support a finding only if the evidence adverse to the finding at issue preponderates so overwhelmingly against the challenged finding that the finding is clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). As long as some probative and substantive evidence exists in the record to support the trial court's order, there is no abuse of discretion. *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.); *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied).

A trial court may modify a child support order if the petitioner demonstrates that the circumstances of the child or a parent have materially and substantially changed since the date of the prior child support order. TEX. FAM. CODE ANN. § 156.401(a); *Melton v. Toomey*, 350 S.W.3d 235, 238 (Tex. App.—San Antonio 2011, no pet.). To determine if there has been a material and substantial change in circumstances concerning child support, the trial court must compare the financial circumstances of the child and the parties when the prior child support order was rendered with their financial circumstances at the time the modification is sought. *Melton*, 350 S.W.3d at 238. The duty to support is not limited to a parent's ability to pay from current earnings but extends to his or her financial ability to pay from all sources that might be available. *In re M.A.G.*, 2002 WL 501657, at *3. Thus, "a court may take a parent's earning potential into account when determining the amount of child support the parent must pay." *Id.* The party seeking the modification has the burden to establish a change in circumstances since the order setting the current child support. *Melton*, 350 S.W.3d at 238. The best interest of the child is always the court's primary consideration when it determines questions of child support. *In re M.A.G.*, 2002 WL 501657, at *2.

## ANALYSIS

In one issue on appeal, Father asserts the trial court abused its discretion by granting Mother's amended petition to modify child support because the Partial MSA signed by the parties prohibited the filing of any petition to modify for three years from the date of the Agreement.[1]

The Partial MSA was introduced at trial and contained the following provisions relating to modifications of child support:

> 7. The issues of child support and health insurance for the child shall be resolved either [by] agreement of the parties or Final Order of the Court.

> 8. Except in the event of an emergency regarding the health and safety of the child, neither party shall file a petition to modify in this case for a period of three years of the date of this agreement, except as regarding the issues set forth in paragraph 7, above, which are not resolved by this agreement.

The trial court made the following findings of fact related to its ability to modify child support under the Partial MSA:

> 10. On July 14, 2017, the parties entered into a Partial Mediated Settlement Agreement (MSA) disposing of all issues except modification of child support and health insurance, . . . stating in part (***emphasis added***):

>> Paragraph 7: *The issue of child support and health insurance for the child shall be resolved either [by] agreement of the parties or Final Order of the Court.*

>> Paragraph 8: *Except in the event of an emergency regarding the health and safety of the child, neither party shall file a petition to modify in this case for a period of three years of the date of this agreement, **except as regarding the issues set forth in Paragraph 7, above, which are not resolved by this agreement.***

> 11. The July 14, 2017 MSA is silent as to any other matters that remain unresolved.

---

[1] We construe this as a challenge to the trial court's findings of fact number 13 and 14, which state that the Partial MSA "did not preclude the Court from setting retroactive support to the date of the Coke County order" and "did not preclude [Mother] from seeking modification of the child support amount for the years [Mother's] modification was pending." *See Trammell v. Trammell*, 485 S.W.3d 571, 576 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("[A] challenge to an unidentified finding of fact may be sufficient for review if the specific findings of fact which the appellant challenges can be fairly determined from the argument, the nature of the case, or the underlying legal theories." (citations omitted)).

12. The July 14, 2017 MSA did not resolve the issue of retroactive support to the date of the Coke County order.

13. The July 14, 2017 MSA did not preclude the Court from setting retroactive support to the date of the Coke County order.

14. The July 14, 2017 MSA does not preclude Petitioner from seeking modification of the child support amount for the years Petitioner's modification was pending.

After reviewing the record, we conclude that there was sufficient evidence from which the trial court could have reasonably concluded the Partial MSA did not preclude Mother's amended petition to modify child support. *See Clark*, 2021 WL 3775565, at *3–4. The Partial MSA did not resolve the issue of child support, explicitly allowed for "[t]he issues of child support" to be later "resolved either [by] agreement of the parties or Final Order of the Court," and further noted that matters "not resolved by this agreement," such as "the issues set forth in paragraph 7" regarding child support, did not fall within its three-year prohibition on petitions to modify. The title of the document was "Partial Mediated Settlement Agreement," with the "Partial" indicating there were matters which were not resolved by the Agreement.

Further, the 2016 divorce decree, which was introduced into evidence, ordered the parties to mediate the terms and conditions of possession and support of W.C.S. Further, prior to mediation, the decree ordered that Father "shall provide [Mother] with a copy of [his] 2016 federal income tax return," and "[i]f at the time of mediation, income documentation justifies an increase in the amount of child support, same shall be made retroactive to the date of this agreement." At trial, Mother testified that she received Father's 2016 tax return after child support was ordered and that the tax return reflected more income than what was utilized to set the support at the time of the divorce. She also testified that the Partial MSA resolved all issues except for child support and health insurance.

Father contends that paragraph 8 of the Partial MSA has an explicit prohibition on petitions to modify for a period of three years, beginning on the date the Partial MSA was signed on July 14, 2017 until July 13, 2020. He argues that the exception listed in paragraph 7, allowing "[t]he issues of child support and health insurance for the child" to be resolved by agreement of the parties or final order by the trial court, is intended to only refer to issues of child support raised in Mother's first petition for modification of child support filed in May 2017. However, Father does not point to any term in the Partial MSA or to any evidence in the record to support this contention, and Mother's first and amended petition for modification of child support each request that Father's child support payment be increased because of a material and substantial change in Father's circumstances. Mother provided specific evidence in the amended petition, including Father's 2016 tax return, which she alleged reflected more income than what was utilized to set child support at the time of the divorce.

On this record, we conclude the trial court had sufficient evidence to reasonably conclude the Partial MSA left the issue of child support unresolved and did not preclude Mother's amended petition to modify child support. *See Clark*, 2021 WL 3775565, at \*3–4; *cf. In re S.O.L.*, No. 04-11-00816-CV, 2012 WL 6720623, at \*4 (Tex. App.—San Antonio Dec. 28, 2012, no pet.) (mem. op.) (mediated settlement agreement unambiguously intended to apply to temporary orders and was not intended to conclude litigation among the parties because: the parties agreed to a trial date; agreed that in the interim, they would be "temporary" joint managing conservators; and agreed to child support during the "T.O." [temporary order]). Accordingly, the trial court did not abuse its discretion in modifying Father's child support. *See McGuire v. McGuire*, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (stating there is no abuse of discretion if some probative

and substantive evidence supports order modifying child support).  We overrule Father's sole issue on appeal.[2]

## CONCLUSION

We affirm the trial court's order.

Rebeca C. Martinez, Chief Justice

---

[2] Father does not challenge the trial court's findings regarding the specific amount of child support the trial court ordered he pay; he only challenges the trial court's interpretation of the terms of the Partial MSA.